The STATE of Ohio, Appellee,

v.

COLA, Appellant.

[Cite as *State v. Cola* (1991), 77 Ohio App.3d 448.]

Court of Appeals of Ohio,
Lake County.

No. 90–L–15–153.

Decided Sept. 30, 1991.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, and *Ariana E. Tarighati,* Assistant Prosecuting Attorney, for appellee.

*Phillip A. Lawrence,* for appellant.

CHRISTLEY, Judge.

This is an appeal from a judgment resulting from the abbreviated jury trial of the appellant, Albert J. Cola, Jr., in the Lake County Court of Common Pleas. Appellant was found guilty of possession of cocaine and permitting drug abuse in a motor vehicle. He was then sentenced to concurrent definite terms of eighteen months and six months on the respective offenses.

Beginning in 1989, appellant and his residence had been the subject of an investigation conducted by the Mentor Police Department and the Lake County Narcotics Agency. This surveillance was terminated on May 4, 1990, when the authorities raided the residence and arrested appellant.

As part of the raid, and pursuant to a valid warrant, the authorities searched appellant's motor vehicle which was parked in his driveway. During this search, the authorities found a small canister which contained approximately fifteen grams of cocaine. This canister was found directly behind the passenger seat of the vehicle, a 1984 Toyota truck.

In addition to possession of cocaine and permitting drug abuse in a motor vehicle, appellant was indicted on and later acquitted in the same trial of four counts of complicity to commit drug trafficking.

On appeal to this court, appellant has advanced the following assignment of error:

"The trial court erred to the prejudice of defendant-appellant, Albert Cola, Jr., by overruling his motion for acquittal at the close of plaintiff-appellee's case."

In arguing that the trial court erred in denying his motion for acquittal, appellant contends that the evidence presented by the state was not legally sufficient to warrant the submission of the case to the jury. Specifically, as to the two offenses of which he was found guilty, appellant maintains that the state failed to demonstrate that he knowingly had possession of the cocaine which was found in the truck.

Appellant was indicted under R.C. 2925.03(A)(4) and R.C. 2925.13(A). The former statute provides that no person shall knowingly "[p]ossess a controlled substance in an amount equal to or exceeding the bulk amount." In contesting the sufficiency of the state's evidence, appellant does not dispute that the substance found in the canister was a "controlled" substance, *i.e.,* cocaine, nor that the amount found exceeded the bulk amount. Instead, he merely argues that the mere presence of cocaine in his truck was not sufficient to establish possession.

The term "possess" is defined in R.C. 2925.01:

"(L) 'Possess' or 'possession' means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

In applying the foregoing definition, the courts of this state have held that a person's presence in the vicinity of a controlled substance is not enough to show possession. For example, in *Cincinnati v. McCartney* (1971), 30 Ohio App.2d 45, 59 O.O.2d 34, 281 N.E.2d 855, the First Appellate District held that the fact that the accused was seated within approximately six feet of a marijuana plant did not establish possession. In reaching this conclusion, the court noted that the apartment in which the plant was found was not being rented or used by the accused as living quarters.

Along the same lines, the Ohio Supreme Court has concluded that the mere fact that the accused was the owner or lessee of the premises where the narcotics were found is not sufficient to satisfy this element. *State v. Haynes* (1971), 25 Ohio St.2d 264, 54 O.O.2d 379, 267 N.E.2d 787. In support of its judgment, though, the Supreme Court also emphasized that the premises in question were regularly occupied by other individuals, and that the narcotics were found in a common area.

Notwithstanding the foregoing, it has has also been held that possession can be constructive or actual. See, *e.g., State v. Soto* (Oct. 4, 1990), Cuyahoga App. No. 57301, unreported, 1990 WL 145651. Moreover, at least one appellate district has expressly stated that the type or character of evidence needed to establish possession when the controlled substance is found in a motor vehicle is different than when it is found in an apartment or home:

" * * * Appellant would have us accept the argument that his occupation of the automobile should not give rise to an inference of possession. We do not agree. There is a great degree of physical difference between premises and an automobile. By the very makeup of their nature and use, the mere possession of premises is not an indication of control over all parts of the premises, whereas the possession of the keys to [an] automobile is a strong indication of control over the automobile and all things found in or upon the automobile. * * * " *State v. Buckley* (Feb. 6, 1986), Columbiana App. No. 83–C–52, unreported, at 3, 1986 WL 1748.

In *Buckley,* the majority of the illegal substances were found in the trunk of the automobile. Even though the accused was not the owner of the vehicle in question, the Seventh Appellate District concluded that the evidence was sufficient to establish exclusive control of the drugs. This evidence included the fact that the accused was the sole person in the car when the arrest occurred and that he had possession of the ignition and trunk keys.

A similar analysis was followed by the Fifth Appellate District in *State v. Minko* (Sept. 12, 1988), Stark App. No. CA–7498, unreported, 1988 WL 98233. There, the court found the following facts adequate to warrant a conviction for possession: (1) the defendant was the owner of the vehicle; (2) he was alone in the vehicle when the arrest occurred; and (3) the drugs were found below the floor mat adjacent to his seat.

In the instant case, appellant was not in the truck when the cocaine was discovered. However, he did stipulate at trial that he was the owner of the truck in question. More importantly, one of the police officers involved in the raid testified that approximately fifteen to twenty minutes before the raid began, he saw appellant drive the truck into the driveway of the residence. The officer also testified that appellant was alone in the truck at that time, and that no one else accessed the truck until the search was conducted.

In many of the cases involving possession in a motor vehicle, the courts also have emphasized the close proximity between the defendant and the illegal substances. See, *e.g., State v. Howard* (Mar. 24, 1983), Cuyahoga App. No. 44438, unreported, 1983 WL 5872; *Minko, supra.* This factor was also present in this case. At trial, the officer who conducted the search stated that the canister was found directly behind the passenger seat in the cab. The

officer also stated that the top of the passenger seat came "down" or "forward." Thus, the area between the passenger seat and the back of the cab was readily exposed and accessible to a person sitting in the driver's seat.

In relation to the canister, this court would also note that during cross-examination, one of the state's witnesses specifically identified the canister as belonging to appellant. Thus, not only did the state's evidence show that appellant owned the canister, but that he was the last person in the truck before the raid occurred. This evidence was sufficient to establish constructive possession.

In arguing for the contrary result, appellant notes that the canister was not included in the inventory of the items which were seized during the raid. He also emphasizes that the only two persons to observe the search of the truck were two police officers. In raising this point, appellant *appears* to be arguing that this fact raised a reasonable doubt as to whether the canister was actually found as. a result of the search warrant activity.

If appellant was contending that the evidence should have been suppressed, then he has waived such objection by failing to raise it in a timely manner in a motion to suppress. In fact, it was not raised at the time of trial either.

However, during the testimony of the officer who made the inventory, he stated that the failure to include the canister was simply a clerical mistake. Both he and the officer who conducted the search also testified that the canister was discovered in the truck. Thus, rather than constituting an issue of suppression, this point raised a question of witness credibility, which the jury could have considered during its deliberations.

Appellant argues that the record does not support the finding that he was seen placing the canister in his truck shortly before the raid. Likewise, he contends that the evidence does not support the conclusion that he knew that the raid was going to occur that night.

■ Our review of the record shows that there was conflicting testimony as to whether appellant went back to the truck before the raid commenced. Again, the presence of conflicting testimony raises a question of witness credibility, which is for the jury to decide. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. In relation to this particular fact, we also would emphasize that a jury can reject certain aspects of a witness's testimony, *i.e.*, credibility is not an "all or nothing" proposition. *State v. Sallee* (July 19, 1991), Ashtabula App. No. 90–A–1512, unreported, 1991 WL 132186.

More importantly, we conclude that it was not necessary for the state to establish any of these two facts in order to prevail. As indicated above, the

record before us contains sufficient evidence to establish that appellant knowingly had control over the cocaine which was found in the canister.

The foregoing evidence was also sufficient to warrant the submission of the second charge, permitting drug abuse in a motor vehicle, to the jury. R.C. 2925.13(A) provides that no person who is the owner of a motor vehicle "shall knowingly permit the vehicle to be used for the commission of a felony drug abuse offense." In turn, R.C. 2925.01(H)(1) defines a "drug abuse offense" as, *inter alia,* a violation of R.C. 2925.03.

Accordingly, in order to establish a violation of R.C. 2925.13(A), it is not necessary to show that the vehicle in question was being used in trafficking in drugs. Instead, mere possession in the vehicle is sufficient to establish the violation. This clearly was established in this case.

As appellant correctly notes, a motion for acquittal under Crim.R. 29(A) will be denied when reasonable minds could reach different conclusions as to whether each element of the charged offense has been proven beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. Pursuant to the foregoing analysis, this court concludes that the evidence presented by the state was legally sufficient to meet this standard. Thus, appellant's sole assignment is not well taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.