DECISION AND JUDGMENT ENTRY
Kyle Barfield appeals her conviction for cocaine possession, a violation of R.C. 2925.11, and assigns the following errors:
 I. "Defendant-Appellant was denied a fair trial because there was insufficient evidence to support a guilty verdict."
 II. "Defendant-Appellant was denied a fair trial upon ineffective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution."
On October 17, 1997, Officers Goble and Moore of the Chillicothe Police Department (CPD) followed appellant in an attempt to execute a search warrant for her person. They contacted CPD Officer McKee to stop appellant's car because they were in an unmarked police van. While waiting for McKee to arrive, they followed appellant to Steven Tyler's house. Goble identified Tyler as a target of an ongoing drug enforcement investigation. Appellant was in Tyler's house only for a few minutes and then drove away. Officer McKee arrived and stopped appellant. McKee noticed that appellant twisted around and moved up and down in her seat once he initiated the stop. Globe searched appellant while Moore checked the area surrounding the driver's seat in the car. He observed several white rocks under the driver's seat. Moore field tested one of the rocks and it tested positive for cocaine. Appellant was arrested. With appellant's permission, Moore drove the car to the police station. A miniature flashlight attached to her key-ring also contained cocaine residue.
Appellant moved to suppress all evidence gathered as a result of the warrantless search of the car arguing that the search was unconstitutional. The trial court overruled the motion finding that appellant did not prove that she, as a nonowner driver, had a legitimate expectation of privacy in the vehicle by showing that she owned the car or had the owner's permission to use the car. The jury found appellant guilty and the trial court sentenced her to eleven months incarceration.
In her first assignment of error, appellant argues that there was insufficient evidence to show that the appellant knowingly possessed the crack-cocaine found in the vehicle she was driving. We initially note that appellant, by failing to make a Crim.R. 29 (A) motion for judgment of acquittal, waived any error concerning the sufficiency of the evidence. See Crim.R. 29(A); State v. Roe
(1989), 41 Ohio St.3d 18, 25; State v. Hicks (Dec. 29, 1997), Ross App. No. 2292, unreported. Assuming, arguendo, that appellant had properly made a Crim.R. 29(A) motion, we would find sufficient evidence to uphold appellant's conviction.
When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, could reasonably support a finding of guilt beyond a reasonable doubt. See State v.Thompkins (1997), 78 Ohio St.3d 380, 386 (stating that "sufficiency is the test of adequacy"); State v. Jenks (1991),61 Ohio St.3d 259, 273. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560;Jenks, 61 Ohio St.3d at 273. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). R.C. 2925.11 sets forth the essential elements of Drug Possession: "(A) No person shall knowingly obtain, possess, or use a controlled substance."
R.C. 2925.01(K) defines possession as follows:
 "(K) `Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."[1]
Possession may be actual or constructive. State v. Butler
(1989), 42 Ohio St.3d 174, 176. Actual possession exists when the circumstances indicate that an individual has or had an item within his immediate physical possession. Constructive possession exists when an individual is able to exercise dominion or control over an item, even if the individual does not have the item within his immediate physical possession. State v.Hankerson (1982), 70 Ohio St.2d 87, syllabus; State v. Wolery
(1976), 46 Ohio St.2d 316, 329. Dominion and control may be established by circumstantial evidence alone. State v. Taylor
(1997), 78 Ohio St.3d 15; Jenks, 61 Ohio St.3d at 272-73. To find that an individual constructively possessed an item, the evidence must also demonstrate that the individual was "conscious of the presence of the object." Hankerson, 70 Ohio St.2d at 91. A defendant's mere presence in an area where drugs are located does not sufficiently demonstrate that the defendant constructively possessed the drugs. State v. Cola (1991), 77 Ohio App.3d 448,450; see, also, Cincinnati v. McCartney (1971), 30 Ohio App.2d 45
(defendant did not possess marijuana when he was found sitting six feet from a growing marijuana plant in an apartment he did not occupy or own); State v. Alexander (Apr. 12, 1979), Cuyahoga App. No. 38688, unreported (the defendant was not in possession when drugs were found in the living room while the defendant was sick in bed and other individuals were giving a party); State v.Cofield (June 2, 1983), Cuyahoga App. No. 44601, unreported (insufficient evidence to establish actual or constructive possession when no evidence demonstrated that the defendant leased or occupied the premises, when no drugs or drug paraphernalia were found on the defendant, and when no evidence existed that the marijuana discovered in the apartment was taken from the bedroom where defendant's alleged clothes were found). However, the defendant's proximity to the object, when taken into conjunction with other facts, may constitute some evidence of constructive possession. See State v. Fairrow (Nov. 27, 1995), Ross App. No. 95CA2096, unreported, citing State v. Pruitt
(1984), 18 Ohio App.3d 50; State v. Lavender (Mar. 12, 1993), Cuyahoga App. No. 60493, unreported.
Appellant does not contest that the white rocks found in her car were crack cocaine or that crack cocaine is a controlled substance. Viewing the evidence in the light most favorable to appellee, there is sufficient evidence from which a reasonable jury could conclude beyond a reasonable doubt that appellant knowingly possessed crack cocaine. Appellant testified that she had possession of the car in which the crack cocaine was found for at least twenty-five days. Officer Moore testified that he observed the white rocks under the driver's seat approximately two inches back from the front edge of the seat. Officer McKee testified that appellant was twisting around and moving up and down once he initiated the stop. Furtive movement in the vicinity of where drugs are found is probative of dominion and control. Inre Farr (Nov. 9, 1993), Franklin App. No. 93AP-201, unreported. Further, the flashlight on appellant's key-ring contained small amounts of cocaine. The presence of illicit drugs on defendant's person is relevant to defendant's ability to exercise dominion and control over other drugs found under defendant's seat in car.State v. Rocker (Sept. 1, 1998), Franklin App. No. 97APA10-1341, unreported. Accordingly, we find no merit in appellant's argument and overrule her first assignment of error.
In her second assignment of error, she argues that she received ineffective assistance of counsel at her suppression hearing and jury trial.[2] The proponent of an ineffective assistance of counsel claim must meet the two-part test ofStrickland v. Washington (1984), 466 U.S. 668 to prevail. Taylor,supra.
First, it must be proven that the attorney made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the U.S. Constitution.Strickland; Taylor; State v. Awkal (1996), 76 Ohio St.3d 324. To meet this test, the proponent of an ineffective assistance of counsel claim must show that counsel's representation fell below an objective standard of reasonableness. Strickland; Taylor. Second, and analytically separate, is whether the defense at trial was prejudiced by counsel's ineffectiveness. Strickland;State v. Ballew (1996), 76 Ohio St.3d 244. To show that a defendant has been prejudiced, he or she must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Statev. Bradley (1989), 42 Ohio St.3d 136. If one component of theStrickland test disposes of the ineffectiveness claim, it is not necessary to address both components. Strickland; Bradley.
Appellant puts forth six reasons why her counsel was ineffective. We will examine each in turn.
First, she argues that her counsel was ineffective because he failed to put forth evidence that would have established her standing to challenge the search to the vehicle she was driving. Appellant was not prejudiced by this failure. She does not contest that there was probable cause to support the search warrant to search appellant for drugs or evidence of drug trafficking. That, coupled with her furtive movements once she was stopped by a marked police vehicle, gave the officers probable cause to search her vehicle. A warrantless search of an automobile supported by probable cause to believe there is contraband in the automobile does not violate theFourth Amendment. United States v. Ross (1982), 456 U.S. 798,102 S.Ct. 2157, 72 L.Ed.2d 572. Appellant has failed to show that absent her counsel's failure to produce evidence at the suppression hearing the outcome of the trial would have been different. We reject her first argument.
Second, she argues that her counsel was ineffective because he failed to object to the introduction of the lab report showing that the white rocks found in her car were crack cocaine. R.C.2925.51 provides that BCI lab reports are admissible as primafacie evidence when they are properly notarized and served upon an accused. The accused may demand the live testimony of the lab analyst within seven (7) days of the receipt of the report. Failure to make such a request results in admissibility of the report. Id. Since appellant's counsel did not demand the live testimony of the analyst, there was no basis to exclude the report. Her failure to object to the report's admissibility was not prejudicial error. Since it has not been raised, we need not address whether final counsel's failure to demand live testimony resulted in ineffective assistance of counsel. We reject her second argument.
Third, she argues that her trial counsel was ineffective because he failed to move for an acquittal pursuant to Crim.R. 29 (A). Our analysis of appellant's first assignment of error demonstrates that appellant was not prejudiced by this failure. Thus, we reject her third argument.
In her fourth and fifth argument she asserts that her trial counsel was ineffective for not having two witnesses testify,i.e., failing to seek a continuance when Steven Tyler failed to appear to testify even though he had been subpoenaed and failing to have Donna Haydocy testify. These arguments must rely on facts outside the record to establish the second prong of theStrickland test, i.e., the witnesses' testimony, so we cannot reach the merits of appellant's fourth and fifth arguments. Statev. Cooperider (1983), 4 Ohio St.3d 226, 228. We reject her fourth and fifth arguments.
In her sixth argument, appellant asserts that her trial counsel was ineffective because he failed to keep in contact with her in order to prepare for trial. Appellant does not assert any specific prejudice from this alleged failure. Furthermore, the record indicates that her attorney attempted to contact appellant several times well in advance of her scheduled jury trial but was unsuccessful because appellant had moved and not informed her attorney of her new address. Thus, his representation did not fall below an objective standard of reasonableness and appellant has shown no prejudice as a result of his alleged failure to communicate with her. We reject her sixth argument.
The dissenting opinion would reverse because (1) appellant's trial counsel was ineffective for failing to object to the placing of the burden of proof upon appellant at the suppression hearing and (2) that such allocation of the burden of proof is plain error. For the following reasons we reject the contention that the trial court erred in allocating the burden of proof or that her trial counsel should have objected to it.
To suppress evidence obtained pursuant to a warrantless search or seizure, a defendant must demonstrate the lack of a warrant and raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge. Xenia v. Wallace (1988),37 Ohio St.3d 216, paragraph one of the syllabus. Once the defendant has done so, the prosecutor bears the burden of proof, including the burden of going forward with evidence, on the issue of the legality of the warrantless search or seizure. Id., paragraph two of the syllabus.
In this case the motion to suppress and the memorandum in support filed by the appellant alleged that the search she was challenging was not based upon a warrant. We do not agree with the dissenting opinion's conclusion that this allegation is correct. The police had a warrant to search appellant's person for a particular piece of currency. We analogize this situation to one where the police have a warrant for arrest, since an arrest is a seizure and in this case they necessarily had to seize appellant to search her.
When effectuating an arrest warrant, the police may search the limited area from where the arrestee may produce a weapon. Chimelv. California (1969), 395 U.S. 752. This is a limited search permissible only to deny the arrestee access to a weapon or evidence. In this case, there was a possibility that appellant would be released after she was searched if no contraband was found and would therefore have control of the vehicle. She was also seen to be moving about in a manner that could reasonably be construed as an attempt to hide the type of evidence that was the subject of the warrant. Accordingly, we hold that in executing the warrant to search the appellant's person, the officers were entitled to search the immediate area where she was observed potentially attempting to hide evidence. This includes the space under the driver's seat where the crack was found. Thus, the search was based upon a warrant and the burden fell upon the defendant to prove otherwise. Accordingly, the trial court did not err in placing the burden upon the defendant.
Having rejected all of appellant's arguments in support of her second assignment of error, we overrule it.
In sum, we have overruled all of appellant's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
[1] We note that an automobile does not constitute "premises" for purposes of this section. See State v. Thomas (1995),107 Ohio App.3d 239; State v. Brittman (Feb. 10, 1994), Franklin App. No. 93AP-1005, unreported.
[2] Appellant is represented by different counsel on appeal.