[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In one assignment of error, defendant-appellant Terry Lee Daniels challenges the sufficiency of the evidence adduced at his jury trial to support his conviction for possession of cocaine, in violation of R.C.2925.11(A). The appellant was sentenced to sixteen months in the department of corrections, was given credit given for time served of eighty-nine days, and was given a driver's license suspension of four years.
R.C. 2925.11(A) provides that no person shall knowingly obtain, possess or use a controlled substance. R.C. 2925.01(K) defines possession as follows:
 "Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to a thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
 Possession may be actual or constructive.[1] To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband.[2] Dominion and control may be proven by circumstantial evidence alone.[3] Ownership of the controlled substance need not be established.[4] Possession may be individual or joint.[5] Very close proximity to contraband drugs is sufficient circumstantial evidence of constructive possession.[6] "[I]n cases where drugs have been seized from motor vehicles the principle of proximity has been liberally applied."[7]
An officer testified that he had observed appellant driving an automobile with one burned-out headlight. He turned on his overhead rotary lights to proceed with what he thought would be a routine traffic stop. Appellant stopped in the parking lot of a fast-food restaurant. The officer was in the process of calling over the radio to report the traffic stop. The report is to alert other officers in the area should the stop prove to be other than routine. As the officer approached the appellant and his passenger, he saw they were getting out of the automobile, so he warned them to stay inside. Both fled on foot. The officer broadcasted a description, which included appellant's clothing, over the radio. The officer learned to whom the automobile was registered. The automobile owner, who knew the appellant, provided the officer with further physical information with which to identify the appellant. The officers learned that the appellant had no permission that day to use her automobile. She was taken to the parking lot where an inventory search of her automobile was conducted. The automobile was about a 1980 Ford Escort with front bucket seats. A plastic baggie containing cocaine was found on the floor of the driver's seat.
A second officer, who ultimately heard two radio broadcasts, apprehended the appellant about twenty minutes later and returned him to the parking lot. In the second radio broadcast, the officer was advised of an identifying birthmark provided by the automobile owner. As the appellant was shirtless, the identifying birthmark was plainly visible. The appellant gave this second officer the name of Michael Smith, then Sylvester Daniels. The appellant could not spell Sylvester. The appellant told the officers that he did not know the name of his passenger and told the officers he had no knowledge of drugs being in the automobile.
Viewing the evidence in a light most favorable to the prosecution, we hold that a rational trier of fact could have found the essential elements of the crime of possession of cocaine proven beyond a reasonable doubt.[8]
Accordingly, the appellant's assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Hankerson (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus; State v. Mann (1993), 93 Ohio App.3d 301, 308, 638 N.E. 585,589.
[2] See State v. Wolery (1976), 46 Ohio St.2d 316, 332, 348 N.E.2d 351,362.
[3] See State v. Jenks (1991), 61 Ohio St.3d 259, 272-273,574 N.E.2d at 503.
[4] See State v. Mann, supra, at 309, 638 N.E. at 589.
[5] See State v. Wolery, supra, at 332, 348 N.E.2d at 362.
[6] See State v. Trembly (2000), 137 Ohio App.3d 134, 141, 738 N.E.2d 93,98 (crack cocaine and crack pipe with cocaine residue within arms length of appellant when vehicle searched); State v. Wilson (July 5, 2001), Cuyahoga App. No. 78344, unreported (crack cocaine lying on the passenger side floor of the vehicle, so it would have been laying at defendant's feet); State v. Barr (1993), 86 Ohio App.3d 227, 235, 620 N.E.2d 242.
[7] State v. Perez (Aug. 2, 1995), Hamilton App. No. C-941036, unreported, citing State v. Cola (1991), 77 Ohio App.3d 448,602 N.E.2d 730; State v. Franks (Dec. 23, 1933 [sic], Cuyahoga App. No. 64415, unreported.
[8] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.