OPINION
{¶ 1} Appellant, Robert W. Minniefield, appeals the judgment entered by the Lake County Court of Common Pleas. Minniefield was sentenced to an 11-month prison term for his conviction for possession of cocaine.
 {¶ 2} On June 12, 2005, Patrolman Stephen Shum of the Willoughby Police Department and other officers responded to a call on Robert Street in Willoughby, Ohio. The owner of the residence had called the police because his son, Carmen Tripodo ("Carmen"), was acting unruly. When Patrolman Shum arrived, Carmen was on the front porch and Minniefield was standing near a van parked in the driveway. Carmen was very intoxicated.
 {¶ 3} Patrolman Shum asked Minniefield about the situation. Minniefield informed Patrolman Shum that he encountered Carmen in East Cleveland, while Carmen was being attacked by other individuals. Minniefield told the officer that he did not know Carmen prior to this incident. Minniefield felt bad for Carmen and offered to give him a ride home.
 {¶ 4} Patrolman Shum noticed copper wool on the dashboard of the van. Patrolman Shum explained that copper wool is often used as a filter in crack pipes to prevent the crack from entering the throat of the smoker. He testified that this particular piece of copper wool was tarnished, in that it did not have its original bright copper color. Based upon his experience, he presumed the copper wool had been used.
 {¶ 5} Patrolman Shum testified that, in his belief, the copper wool gave him probable cause to search the van. He proceeded to search the vehicle and found several objects in the armrest of the driver's door of the van. These items included a cigarette lighter, a crack pipe, and a substance he believed to be crack cocaine. Subsequent testing at the Bureau of Criminal Investigation ("B.C.I.") confirmed that the substance was, in fact, crack cocaine.
 {¶ 6} Patrolman Shum ran the license plate number of the van through the state computer system and discovered the van was owned by Helen Minniefield, who is Minniefield's mother.
 {¶ 7} Minniefield was indicted with one count of possession of cocaine, a fifth-degree felony, in violation of R.C. 2925.11. Minniefield pled not guilty to this charge, and a jury trial was held. Following the state's case-in-chief, Minniefield moved for acquittal pursuant to Crim.R. 29. The trial court denied the motion. Minniefield did not present any evidence in his defense. The jury found Minniefield guilty of the possession of cocaine charge. Thereafter, the trial court sentenced Minniefield to an 11-month prison term for his conviction.
 {¶ 8} Minniefield raises two assignments of error. His first assignment of error is:
 {¶ 9} "The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim.R. 29(A)."
 {¶ 10} A trial court shall grant a motion for acquittal when there is insufficient evidence to sustain a conviction.[1] When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[2]
 {¶ 11} Minniefield was charged with possession of cocaine, in violation of R.C. 2925.11, which provides, in part:
 {¶ 12} "(A) No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 13} "* * *
 {¶ 14} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 15} "* * *
 {¶ 16} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
 {¶ 17} "(a) Except as otherwise provided * * * possession of cocaine is a felony of the fifth degree[.]"
 {¶ 18} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."[3]
 {¶ 19} The state met its burden of providing sufficient evidence that the contraband found in the van was crack cocaine. The identity of the substance as crack cocaine was established by testing conducted at the B.C.I. facility.
 {¶ 20} The majority of Minniefield's argument on appeal concerns whether he "possessed" the crack cocaine. While the state did not present any direct evidence that Minniefield was in actual possession of the crack cocaine found in the van, this does not invalidate his conviction.
 {¶ 21} "Possession of drugs can be either actual or constructive."[4] Even if the contraband is not in a suspect's "immediate physical possession," he may still be found to be in constructive possession of the item, provided the evidence demonstrates that he "was able to exercise dominion and control over the controlled substance."[5] To prove constructive possession, "[i]t must also be shown that the [defendant] was conscious of the presence of the object."[6]
 {¶ 22} The Supreme Court of Ohio has held that "`circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be[7] subjected to the same standard of proof.'" The Third Appellate District held constructive possession of contraband may be supported by circumstantial evidence alone.[8]
 {¶ 23} The state presented evidence that crack cocaine was found in a van owned by Minniefield's mother, which Minniefield had possession of on the night the drugs were found. The fact that the crack cocaine was found in a vehicle owned by Minniefield's mother, which he was in possession of on the night in question and one of the last people present, weighs in support of a finding that Minniefield was in constructive possession of the crack cocaine found in the van.[9] The fact the crack cocaine was in the immediate reach of Minniefield also supports a finding of construction possession.[10] As stated by the Tenth Appellate District, "it is reasonable to infer that a defendant knowingly possesses cocaine when he is shown to have had dominion and control over a bag of cocaine which was next to his seat in a car."[11]
 {¶ 24} Minniefield cites the Eighth Appellate District's decision inState v. Welch in support of his position that a suspect may not be convicted of possession of narcotics when there are other occupants of the vehicle.[12] However, the case sub judice is distinguishable from the State v. Welch holding. In State v. Welch, there were four occupants of the vehicle, all of whom had access to the contraband, and the vehicle was owned by a third party.[13] In the instant matter, the drugs were in the armrest of the driver's door, and Minniefield admitted driving the vehicle. Further, while Minniefield did not own the vehicle, his mother owned it and he was in possession of it on the night in question.
 {¶ 25} The state presented sufficient evidence that Minniefield knowingly possessed the crack cocaine. Therefore, the trial court did not err by denying his motion for acquittal.
 {¶ 26} Minniefield's first assignment of error is without merit.
 {¶ 27} Minniefield's second assignment of error is:
 {¶ 28} "The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 29} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 30} "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"[14]
 {¶ 31} At trial, Minniefield did not present any evidence that the crack cocaine belonged to someone else.
 {¶ 32} On appeal, Minniefield argues that the crack cocaine could have belonged to Carmen. First, we note that the crack cocaine was found in the driver's door. There was no evidence that Carmen was driving the vehicle. Instead, the only evidence presented was that Minniefield was driving the vehicle and Carmen was riding in the passenger seat. Further, we note that Patrolman Shum testified that Carmen was so intoxicated that he could not stand up. It is extremely doubtful that an individual in Carmen's state of intoxication "planted" the crack cocaine in the driver's door.
 {¶ 33} Also, Minniefield suggests the crack cocaine could have belonged to his mother, since she was the registered owner of the vehicle. However, the jury would have had to believe that Minniefield had driven the vehicle that evening, at a minimum distance from Cleveland to Lake County, without noticing the crack cocaine and other drug paraphernalia in the vehicle.
 {¶ 34} After reviewing the entire record, we do not believe the jury clearly lost its way or created a manifest miscarriage of justice by finding Minniefield guilty of the possession of cocaine charge.
 {¶ 35} Minniefield's second assignment of error is without merit.
 {¶ 36} The judgment of the trial court is affirmed.
[1] Crim.R. 29(A).
[2] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307.
[3] R.C. 2901.22(B).
[4] State v. Rollins, 3d Dist. No. 11-05-08, 2006-Ohio-1879, at ¶ 22, citing State v. Haynes (1971), 25 Ohio St.2d 264.
[5] State v. Lee, 11th Dist. No. 2002-T-0168, 2004-Ohio-6954, at ¶ 41, citing State v. Wolery (1976), 46 Ohio St.2d 316, 329.
[6] State v. Hankerson (1982), 70 Ohio St.2d 87, 91.
[7] State v. Biros (1997), 78 Ohio St.3d 426, 447, quoting State v.Jenks, 61 Ohio St.3d 259, paragraph one of the syllabus.
[8] State v. Rollins, 2006-Ohio-1879, at ¶ 22, citing State v.Jenks, 61 Ohio St.3d at 272-273.
[9] See State v. Cola (1991), 77 Ohio App.3d 448, 451
[10] Id.
[11] State v. Davis (Sept. 24, 1998), 10th Dist. No. 98AP-192, 1998 Ohio App. LEXIS 4455, at *8.
[12] State v. Welch (Apr. 18, 1991), 8th Dist. Nos. 58352 58353, 1991 Ohio App. LEXIS 1732.
[13] Id. at 14.
[14] (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.