[Cite as *State v. Birdsong*, 2024-Ohio-1744.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

EDMOND MICHAEL BIRDSONG,

      Defendant-Appellant.

CASE NO. 2022-A-0115

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00059

# O P I N I O N

Decided: May 6, 2024
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Edmond Michael Birdsong, appellant herein, appeals the judgment of the Ashtabula County Court of Common Pleas, convicting him of Felony-Two Aggravated Trafficking in Drugs and Felony-One Trafficking in Cocaine. Appellant alleges trial counsel was ineffective for failing to move to dismiss the charges for a violation of his statutory speedy-trial rights; he additionally asserts the convictions are premised upon insufficient evidence and/or are against the manifest weight of the evidence. We affirm.

{¶2} On May 12, 2021, appellant and his ex-wife were pulled over because the truck they were driving was suspected in the theft of two "zero-turn" lawnmowers from the

Home Depot in Ashtabula. The individuals were taken into custody by an Ashtabula County Sheriff's deputy. Detective Carey Nelson of the Ashtabula County Sheriff's Office responded to the scene of the arrest. Upon being booked into the county jail, appellant had a bindle of suspected heroine on his person, along with $3,093 in United States currency. After an inventory search of the truck, officers found a digital scale in the center console as well as a large amount of drugs. The suspected drugs in the console included suspected powder cocaine and methamphetamine as well as Suboxone.

{¶3} Detective Thomas Perry, a member of the Ashtabula County Sheriff's Office working with the local narcotics task force, responded to the scene. He noted there were drugs packaged for sale in individual baggies, a sheet of Suboxone, two zip-lock bags with other bags, and inside those bags was a white substance, marijuana, and other suspicious substances. The detective testified that 40.64 gross grams of methamphetamine, and 34.03 gross grams of cocaine were seized from the vehicle. These weights represent the weight of each substance *including* the baggies. Once the substances were tested by the Ohio Bureau of Identification and Investigation, 17.28 grams of methamphetamine and 29.99 grams of cocaine were identified.

{¶4} Detective Perry pointed out that use of individual baggies indicated the drugs were packaged for sale. Officer Bryan Rose, who was employed as a Lieutenant for the Ashtabula County Sheriff's Office at the time of the incident, also underscored the use of baggies to package drugs is generally an indication of drug sales or trafficking.

{¶5} Investigators also found an onion under the backseat of the truck. One of the responding officers, Deputy Jonelle Gerke, also employed by the Ashtabula County

2

Sheriff's Office, noted that the use of an onion in a vehicle is employed to deter drug-sniffing dogs.

{¶6} On February 10, 2022, appellant was indicted on one count of Aggravated Trafficking in Drugs, a felony of the second degree, in violation of R.C. 2925.03(A)(2) and (C)(1)(d) and one count of Trafficking in Cocaine, a felony of the first degree, in violation of R.C. 2925.03(A)(2) and (C)(4)(f). On March 30, 2022, in a separate case (Case No. 2022 CR 185), appellant was indicted on one count of Grand Theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1) and (B)(2); one count of Grand Theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1) and (B)(2); and one count of Possession of Criminal Tools, a felony of the fifth degree, in violation of R.C. 2923.24(A) and (C).

{¶7} The cases were consolidated for trial and the matter was tried to a jury in October 2022. After trial, appellant was convicted of the two drug counts, but acquitted on one of the theft counts and possession of criminal tools count. The remaining theft count was dismissed by the trial court pursuant to defense counsel's Crim.R. 29 motion. Appellant was sentenced to prison for four to six years on the Aggravated Trafficking in Drugs count and six years to nine years on the Trafficking in Cocaine count, to run concurrently.

{¶8} Appellant assigns two errors for our review. His first provides:

{¶9} "Appellant received ineffective assistance of trial counsel by virtue of counsel's failure to assert appellant's speedy trial rights and seek dismissal of the case."

{¶10} To prevail on a claim of ineffective assistance of counsel, a defendant must show that "counsel's performance fell below an objective standard of reasonableness and

3

that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674, 687 N.E.2d 1358 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show counsel's performance was objectively deficient by producing evidence that counsel's acts or omissions fell below a reasonable standard of representation. *State v. Keith*, 79 Ohio St.3d 514, 534, 684 N.E.2d 47 (1997), citing *Strickland* at 687. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Second, the defendant must show that, but for counsel's deficiencies, there is a reasonable probability the result of the proceeding would have been different. *Strickland* at 694. When a defendant argues his counsel was ineffective for failing to assert his speedy trial rights, "the defendant must show there was a valid basis for moving to dismiss based on a speedy trial violation and that such a motion would have affected the outcome." *State v. Morgan*, 9th Dist. Medina No. 07CA0124-M, 2008-Ohio-5530, ¶ 42.

{¶11} A defendant charged with a felony must be brought to trial within 270 days after his arrest. R.C. 2945.71(C)(2). Certain events may toll a defendant's speedy trial time. R.C. 2945.72. Further, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. R.C. 2945.71(E). An accused, however, is entitled to the triple-count provision only when he is confined *solely* on a pending charge. *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902, ¶ 32 (2d Dist.), citing *State v. Kaiser*, 56 Ohio St.2d 29, 381 N.E.2d 633(1978), paragraph two of the syllabus. The days will not be counted triply if a defendant is also being held for additional charges. *State v. Davenport,* 12th Dist. Butler No. CA2005-01-05, 2005-Ohio-6686, ¶ 9, citing *State v. MacDonald*, 48 Ohio St.2d 66, 357 N.E.2d 40

4

(1976), paragraph one of the syllabus; *see also Dankworth.* "Where[, however,] more than one charge has arisen from a single transaction and the multiple charges share a common litigation history from arrest onward, incarceration on the multiple charges will be considered incarceration on the 'pending charge' for purposes of R.C. 2945.71(E)." *State v. Parsley*, 82 Ohio App.3d 567, 571, 612 N.E.2d 813 (10th Dist.1993).

{¶12} Because appellant was indicted with the theft-related offenses after the February 2022 indictment on the drug offenses, we shall first assess the impact of the second indictment on the triple-count provision.

{¶13} In *State v. Parker,* 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, the Supreme Court of Ohio considered when multiple charges should be considered, collectively, as a single "pending charge" for purposes of R.C. 2945.71(E).

{¶14} In *Parker,* the defendant was arrested in connection with the discovery of a methamphetamine lab. *Id.* at ¶ 2. His arrest resulted in three separate complaints charging the Illegal Manufacture of Drugs, Possession of Drugs, and Carrying a Concealed Weapon. *Id.* Separate bonds were set for the three charges, and the two felony charges were bound over to the court of common pleas. *Id.* at ¶ 3. The defendant eventually posted a personal recognizance bond in the court of common pleas, but he remained jailed on the misdemeanor charge, which still required cash bail or a surety bond. *Id.* at ¶ 4. The misdemeanor charge was subsequently dismissed. *Id.* at ¶ 5.

{¶15} On review, this court concluded that the triple-count provision applied to the three charges, despite the fact that Parker was arraigned on three separate complaints. *Id.* at ¶ 8, *see also State v. Parker*, 11th Dist. Ashtabula No. 2004-A-0004, 2005-Ohio-6908. The Supreme Court held that "when multiple charges arise from a criminal incident

5

and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E)." *Parker*, 2007-Ohio-1534, at ¶ 21, adopting *Parsley* 82 Ohio App.3d 567.

{¶16} The court further noted:

> "[T]he charges at the time of the complaints could have proceeded together in one jurisdiction. Parker had no control over the decision to refer only the drug charges to the grand jury. The state cannot reasonably argue that it has a mechanism at its disposal whereby after bringing both misdemeanor and felony charges based on a single criminal incident, and retaining the misdemeanor as a pending action in municipal court, it can obviate any triple-count concerns."

*Parker*, 2007-Ohio-1534, at ¶ 24.

{¶17} Unlike the facts in *Parker,* appellant's February 10, 2022 indictment (drug charges) was not related to the March 30, 2022 indictment (theft charges) as the charges were not related to a single criminal incident. Rather, appellant's actions or omissions leading to the drug charges were separate and distinct from his alleged actions leading to the theft charges. Two separate indictments were filed premised upon separate and distinct investigations of allegations which occurred at different times and different locations. Simply because appellant was initially arrested on suspicion of theft, does not transform the drug crimes and the theft crimes into the same "pending charge" because the different indictments address separate criminal incidents. Because appellant was arrested and charged for numerous unrelated charges, he was not held in jail in lieu of bail on a single "pending charge." To the contrary, appellant was held in jail in lieu of bail on several unrelated charges. Accordingly, after the March 30, 2022 indictment, the speedy-trial clock shall be calculated on a one-day-for-one-day basis.

6

{¶18} Notwithstanding this conclusion, appellant argues he was arrested in May 2021, after he and his ex-wife were stopped. He claims, therefore, that the state had until August 2021 to bring him to trial. Because he was not tried until October 7, 2022, he maintains counsel was ineffective for failing to move to dismiss the charges based upon a violation of his statutory right to a speedy trial and that counsel's failure prejudiced him by virtue of the conviction. We do not agree.

{¶19} The transcript indicates appellant was stopped on May 12, 2021 and the drugs, which were the subject of the February 10, 2022 indictment, were seized. Detective Perry testified appellant was booked into jail on that date, during which a bindle of suspected heroin and a large sum of cash were discovered on appellant's person.

{¶20} Nevertheless, the record fails to disclose how long appellant was confined in jail at that time and there is nothing to indicate appellant was charged or cited upon being stopped in May 2021. Instead, after appellant's February 10, 2022 indictment, a warrant was issued for his arrest. On March 28, 2022, appellant was served and, the following day, appellant was arraigned. At that time, bond was set at $50,000. Later, on June 2, 2022, during a trial preparation conference, appellant stated he had been confined to the county jail for 65 days, since March 29, 2022.

{¶21} In light of the foregoing, the record is insufficient to support appellant's argument that, after being arrested on May 12, 2021, he was held indefinitely such that his speedy-trial time expired.

{¶22} Given this conclusion, appellant was served on March 28, 2022 on the February 10, 2022 indictment. The speedy-trial clock commenced the following day. On April 1, 2022, appellant requested a bill of particulars and discovery. At this point,

7

appellant was entitled to three, triple-count days for a total of 9 days running on the speedy-trial clock.

{¶23} On March 31, 2022, appellant was indicted in Case No. 2022 CR 185, charging him with Felony-Four Grand Theft, Felony-Five Theft, and Felony-Five Possession of Criminal Tools. On April 7, 2022, appellant was arraigned and bond was set. As appellant was incarcerated pending trial on the new charges, he was not entitled to utilize the triple-count provision of R.C. 2945.71(D). *See Parker*, 2007-Ohio-1534, ¶ 21, 24; *see also Dankworth*, 2007-Ohio-2588, ¶ 32. As such, and as discussed, any days following the new charges which do not toll are counted using a one-day-for-one-day metric.

{¶24} Also on April 7, 2022, appellant filed a "Demand for Testimony." On May 10, 2022, the state responded to appellant's requests and demands. The speedy trial clock accordingly tolled between April 7 and May 10, 2022. *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 26. ("[A] demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E).")

{¶25} On April 14, 2022, appellant filed a motion for bond modification. On May 23, a hearing on the motion was held. Accordingly, speedy-trial time tolled pursuant to appellant's motion from April 14 to May 23, 2022.

{¶26} Next, on June 3, 2022, appellant's trial counsel moved to withdraw, which the trial court granted on the same day. Between May 23 and June 3, 2022, 11 days elapsed on the speedy-trial clock. There is nothing in the record indicating appellant posted bond or was released from jail and, as a result, as of June 3, 2022, 20 days had elapsed (9 days plus 11 days).

8

{¶27} On June 6, 2022, appellant, via new counsel, filed a motion for continuance. The trial court did not immediately grant the motion, but set the case for a June 22, 2022 status conference; three days elapsed between June 3 and June 6, 2022 which increased the running total to 23 days.

{¶28} On June 21, 2022, appellant filed a "Demand for Testimony" of a witness. On June 23, the trial court issued a judgment highlighting appellant's request and noted that the June 6, 2022 motion for continuance was still pending. Then, on July 13, 2022, the trial court granted the June 6 motion and reset trial for August 5, 2023. The speedy-trial clock tolled between June 6 and July 13, 2022.

{¶29} On July 22, 2022, the trial court memorialized a status conference occurring with both parties. The court noted appellant remained "in jail." A similar memorialization was filed by the court on July 28, 2022 which also reflected appellant was "in jail."

{¶30} On July 27, 2022, appellant filed another motion for continuance, which was not immediately ruled upon. There was no tolling event between July 13, 2022 (the date the trial court resolved appellant's June 6 motion for continuance) and July 27, 2022. Appellant was accordingly entitled to 14 days counted toward his speedy-trial calculation, for a running total of 37 days.

{¶31} On August 4, 2022, a joint motion for consolidation of cases and motion for continuance was filed. The joint motion to consolidate related to Case No. 2022 CR 185. On that date, the trial court granted the joint motion for continuance and motion to consolidate and set the trial for August 15, 2022. As a result, the speedy trial clock was tolled between August 5 and August 15, 2022. *See, e.g., State v. Pyles*, 7th Dist.

9

Mahoning No. 12 MA 22, 2015-Ohio-5594, ¶ 57 ("joint continuances toll a defendant's speedy trial clock").

{¶32} Next, on August 10, 2022 the trial court, sua sponte, ordered a competency evaluation of appellant. The evaluation was completed on September 27, 2022 and, on the same date, the trial court found appellant competent to stand trial. Pursuant to R.C. 2945.72(B), the speedy-trial time tolled between August 10 and September 27, 2022. The competency evaluation stated that, at the time of the evaluation, appellant remained in the Ashtabula County Jail.

{¶33} On October 11, 2022, appellant's jury trial commenced. Consequently, appellant was entitled to an additional 14 days (between September 27 and October 11, 2022) toward the speedy trial calculation, for a complete total of 51 days.

{¶34} The record before this court demonstrates appellant was tried well within the statutory speedy-trial window. We therefore discern no deficiency in trial counsel's performance. Filing a motion to dismiss the charges premised upon a speedy-trial violation would have been inconsequential. Because the record fails to substantiate appellant's first assignment of error, it lacks merit.

{¶35} Appellant's second assignment of error provides:

{¶36} "The convictions are not supported by sufficient evidence and are against the manifest weight of the evidence."

{¶37} Appellant contends that his convictions are both based upon insufficient evidence and are also against the manifest weight of the evidence. When an appellant challenges both the sufficiency and the manifest weight of the evidence, the appellate court need only address the manifest weight argument if it concludes that the verdict is

10

consistent with the manifest weight because such a conclusion presupposes the verdict was also supported by sufficient evidence. *State v. Masters*, 11th Dist. Lake No. 2019-L-037, 2020-Ohio-864, ¶ 17.

{¶38} With this principle in mind, a court reviewing a challenge to the manifest weight of the evidence observes the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 WL 738452, *5 (Dec. 23, 1994). Put differently, the court must assess conflicting testimony, review rational inferences that may be drawn from the evidence, and evaluate the strength of the conclusions drawn therefrom. A challenge to the weight of the evidence requires a court to consider whether the state met its burden of persuasion. *State v. McFeely*, 11th Dist. Ashtabula No. 2008-A-0067, 2009-Ohio-1436, ¶ 78.

{¶39} Appellant contends the record is devoid of any indication that appellant owned, possessed, exercised dominion over, or controlled the methamphetamine and cocaine found in the center console of the vehicle he was observed driving prior to the May 12, 2021 stop. He emphasizes the vehicle did not belong to him. And, even though there was testimony that a bindle of alleged heroin was found on his person upon being conveyed to jail, appellant asserts the substance was never analyzed as being a controlled substance and he was not convicted of possessing the alleged substance. In appellant's view, when the evidence is viewed in its entirety, the jury clearly lost its way

11

when it concluded he possessed the drugs which served as a basis for the charges. We do not agree.

{¶40} Appellant was convicted of Aggravated Trafficking in Drugs and Trafficking in Cocaine, in violation of R.C. 2925.03(A)(2), which provides:

> (A) No person shall knowingly do any of the following:
>
> * * *
>
> (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

{¶41} For each count, the state was required to establish that the weight of both the Methamphetamine (the felony-two count) and the Cocaine (the felony-one count) were within a particular weight range. Appellant does not take issue with these elements, however. Appellant's argument solely focuses upon his alleged possession or his ability to exercise control over the drugs.

{¶42} "Possess" or "possession" is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Hankerson,* 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus. "Even if the contraband is not in a suspect's 'immediate physical possession,' the suspect may still constructively possess the item, so long as the evidence demonstrates that he 'was able to exercise dominion and control over the

12

controlled substance.'" *State v. Fogle,* 11th Dist. Portage No. 2008-P-0009, 2009-Ohio-1005, ¶ 28, quoting *State v. Lee,* 11th Dist. Trumbull No. 2002-T-0168, 2004-Ohio-6954, ¶ 41. Further, constructive possession can be proved solely by circumstantial evidence. *State v. Adams*, 11th Dist. Ashtabula No. 2012-A-0025, 2013-Ohio-1603, ¶ 38.

{¶43} "[M]ere possession of drugs is insufficient to prove trafficking," but constructive possession of drugs that have been packaged for sale along with possession of other paraphernalia associated with sale is sufficient evidence of trafficking. *State v. Carlton*, 9th Dist. Lorain No. 12CA010219, 2013-Ohio-2788, ¶ 10, citing *State v. Mielke*, 12th Dist. Warren No. CA2012-08-079, 2013-Ohio-1612, ¶ 46. Possession of a large quantity of drugs, large amounts of cash, plastic baggies, and scales, among other indicia of trafficking, provide persuasive circumstantial evidence that tends to prove a violation of R.C. 2925.03(A)(2). *See State v. Floyd*, 7th Dist. Mahoning No. 18 MA 0106, 2019-Ohio-4878, ¶ 32 (plastic baggies, scales with cocaine residue, a large quantity of cash, and a firearm provide circumstantial evidence of trafficking); *State v. Burton*, 8th Dist. Cuyahoga No. 107054, 2019-Ohio-2431, ¶ 48 (in addition to a large quantity of drugs, plastic bags, and digital scales, the presence of "cut mixes," which are often used to prepare drugs for sales, were located which provided sufficient, credible circumstantial evidence of trafficking); *State v. Jackson*, 9th Dist. Summit No. 28691, 2018-Ohio-1285, ¶ 39 (large quantities of drugs, $8,322.00 in cash, and various other evidence indicative of drug trafficking such as digital scales and plastic baggies established sufficient, circumstantial evidence of trafficking); *State v. Fain*, 5th Dist. Delaware No. 06CAA120094, 2007-Ohio-4854, ¶ 37-39 (Plastic sandwich bags and digital scales are circumstantial evidence for drug trafficking.); *State v. Fry*, 9th Dist. Summit No. 23211,

13

2007-Ohio-3240, ¶ 50 (presence of drugs and drug paraphernalia permit a reasonable inference that a person was preparing drugs for shipment).

{¶44} Furthermore, this court has pointed out that in cases involving possession of drugs in a motor vehicle that the propinquity of the defendant and the illegal substances is additionally a relevant factor. *State v. Cola*, 77 Ohio App.3d 448, 451, 602 N.E.2d 730 (11th Dist.1991). The basis for this conclusion goes to a defendant's ability to easily obtain and therefore control the drugs. The closer the defendant's proximity to the contraband, the more accessible it is and the easier it is for the defendant to exercise dominion and control over the same. Similarly, the Third Appellate District has pointed out that "'readily usable drugs found in very close proximity to a defendant may constitute circumstantial evidence and support a conclusion that the defendant had constructive possession of such drugs.'" *State v. Cuffman,* 3d Dist. Crawford Nos. 3-11-01, 3-11-02, 2011-Ohio-4324*, ¶* 32, quoting *State v. Barr*, 86 Ohio App.3d 227, 235, 620 N.E.2d 242 (8th Dist.1993).

{¶45} Here, testimony established that appellant and his ex-wife were originally stopped because the truck they were driving was suspected in the theft of two zero-turn lawnmowers. Deputy Jonelle Gerke observed the vehicle, which was driven by a male with a female front passenger. The deputy located the truck in an Auto Zone parking lot where she observed that the male driver switched seats with the female passenger.

{¶46} Upon being booked in the Ashtabula County Jail, Detective Carey Nelson testified appellant had a bindle of suspected heroine on his person as well as $3,093. Further, during an inventory search of the truck, investigators found a digital scale and a large amount of suspected powder cocaine and methamphetamine. Detective Thomas

14

Perry arrived at the scene and testified there were drugs in the vehicle packaged for sale in individual baggies, a sheet of Suboxone, two Zip Lock bags with other bags which held apparent marijuana as well as an unknown white powder.

{¶47} Detective Perry asserted that, in light of his extensive experience in drug interdiction, the amount seized involved a greater volume of drugs than for mere personal use. And, moreover, the packaging suggested the suspected drugs were prepped for sale. Officer Bryan Rose echoed this testimony. Moreover, investigators located an onion under the rear seat of the truck. Deputy Gerke testified that people utilize onions to deter drug sniffing dogs.

{¶48} Even though appellant did not own the vehicle and the alleged heroin found during appellant's May 12, 2021 booking went apparently untested, we conclude there was sufficient, credible evidence to support the conclusion that appellant constructively possessed the drugs and the circumstantial evidence supports the reasonable inference that they were knowingly prepared for distribution.

{¶49} Appellant had over $3,000 found on his person on the date the drugs were seized. 17.28 grams of methamphetamine and nearly 30 grams of cocaine were found in the console of the vehicle, amounts sufficient to support a felony-two and a felony-one trafficking charge, respectively. And testimony supported that these amounts were sufficiently significant to support the reasonable inference that the drugs were intended for sale rather than use. A digital scale along with pre-packaged drugs as well as additional bags which carried apparent contraband were also located in the console.

{¶50} Finally, Deputy Gerke's testimony that appellant had switched seats after she initially observed him driving the vehicle could be seen as an attempt to conceal his

15

control over the vehicle and, by implication, any control he might have over the drugs and paraphernalia. Appellant's movement can therefore be used to support the conclusion that he had foreknowledge of the contraband in the vehicle and was attempting to distance himself from the appearance of control. Appellant's close proximity to the drugs, in conjunction with the remaining evidence, however, demonstrate he had access and was capable of exercising dominion over the same.

{¶51} We accordingly hold the state adduced sufficient, credible evidence that appellant circumstantially possessed the drugs at issue and that they were packaged for sale.

{¶52} Appellant's second assignment of error lacks merit.

{¶53} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

16