The STATE of Ohio, Appellee,

v.

DANKWORTH, Appellant.

[Cite as *State v. Dankworth,* 172 Ohio App.3d 159, 2007-Ohio-2588.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 06–CA–21.

Decided May 25, 2007.

Gary A. Nasal, Miami County Prosecutor, and James D. Bennett, Associate Prosecutor, for appellee.

L. Patrick Mulligan & Assoc. Co., L.P.A., and George A. Katchmer, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, James Dankworth, appeals from his conviction and sentence, following a no-contest plea, for theft, two counts of violating a protective order, burglary, arson, and forgery. Dankworth contends that the trial court erred by denying his motion to dismiss on speedy-trial grounds. Dankworth asserts that his speedy-trial time began to run for each charge on July 20, 2005, and that the trial court erred in tolling the speedy-trial time between December 28, 2005, when Dankworth filed a discovery request, and February 16, 2006, when the state provided an updated witness list.

{¶ 2} Based on our review of the record, we conclude that the trial court correctly determined which days were to be calculated on a one-for-one basis and which were to be calculated on a three-for-one basis. We further conclude, however, that the trial court erred in determining the period tolled by Dankworth's discovery request. Because Dankworth was incarcerated pending trial for a period greater than allowed by the speedy-trial statute, the judgment of the trial court is reversed, and Dankworth is discharged with respect to these offenses.

I

{¶ 3} According to the record, on July 13, 2005, Dankworth was arrested and charged in the Miami County Municipal Court with unauthorized use of a motor vehicle (case No. 2005–CRA–3146). On the same day, he was released on a personal recognizance bond. On July 20, 2005, Dankworth was arrested and separately charged with theft (case No. 2005–CRA–3244), aggravated arson (case No. 2005–CRA–3246), burglary (case No. 2005–CRA–3247), and two violations of

a protective order (case Nos. 2005–CRA–3245 and 3248). The court set a separate cash bond for each of the charges. Dankworth waived his preliminary hearing on the charges, and the cases were bound over to the common pleas court for consideration by the grand jury. Dankworth remained incarcerated.

{¶ 4} On December 1, 2005, the state again filed charges against Dankworth in the Miami County Municipal Court for theft (case No. 2005–CRA–5512), unauthorized use of a motor vehicle (case No. 2005–CRA–5513), aggravated arson (case No. 2005–CRA–5514), two violations of a protective order (case Nos. 2005–CRA–5515 and 5516), burglary (case No. 2005–CRA–5517), and one count of forgery (case No. 2005–CRA–5511). A separate cash bond was set for each charge, which Dankworth did not pay, and he remained in jail. On December 9, 2005, the charges of forgery, unauthorized use of a motor vehicle, theft, and burglary were dismissed. On December 14, 2005, Dankworth waived his right to a preliminary hearing on the aggravated-arson and the protective-order charges, and those three charges were bound over to the common pleas court to be presented to the grand jury.

{¶ 5} On December 16, 2005, Dankworth was indicted for theft (count one), two violations of a protective order (counts two and three), burglary (count four), arson (count five), and forgery (count six). Miami case No. 2005–CR–605. Count one alleged that Dankworth stole a firearm on July 12, 2005. Counts two and three alleged that Dankworth violated a protective order on July 18 and 20, 2005. The burglary offense allegedly occurred on July 18, 2005, and the arson offense allegedly occurred on July 20, 2005; these actions were apparently connected to the violations of the protective order. Count six alleged that Dankworth forged the writing of an elderly person on June 17, 2005. Dankworth was arraigned on December 22, 2005. Dankworth pleaded not guilty and requested a pretrial conference, which was scheduled for January 3, 2006. The court set a cash bond of $75,000.

{¶ 6} On December 23, 2005, a joint demand for discovery, signed by both the prosecutor and defense counsel, was filed. In a subsequent hearing, Dankworth indicated that the state had provided its discovery at the arraignment and that he had no discovery to provide to the state. On December 28, 2005, Dankworth obtained new counsel. On the same day, Dankworth requested a continuance of the pretrial conference and filed a new request for discovery. The pretrial conference was held on January 3, 2006, as scheduled, and trial was set for February 28, 2006. On February 16, 2006, the state provided an amended witness list to Dankworth. On the same day, Dankworth filed a motion to dismiss, pursuant to R.C. 2945.71, asserting a violation of his statutory right to a speedy trial.

{¶ 7} On February 22 and 27, 2006, the trial court held a hearing on the motion to dismiss. At the conclusion of the hearing, the court ruled that Dankworth's speedy-trial rights had not been violated. After the ruling, Dankworth entered a no-contest plea to all charges. The court found him guilty and imposed an aggregate sentence of seven years in prison, restitution, and costs. Dankworth appeals from his conviction and sentence.

## II

{¶ 8} Dankworth presents two assignments of error. His first assignment of error is as follows:

{¶ 9} "The calculation of time for speedy trial purposes commences on the date of arrest."

{¶ 10} Dankworth's second assignment of error is as follows:

{¶ 11} "It is an abuse of discretion to toll the statutory speedy trial limits due to the filing of a request for discovery absent a showing of a reasonable delay in responding by the state."

{¶ 12} Under his two assignments of error, Dankworth contends that the trial court erred in calculating the preindictment period of his speedy-trial time on a one-for-one basis and in tolling the speedy-trial time following the filing of his discovery motion. Because the assignments of error are interrelated, they will be addressed together.

{¶ 13} In overruling Dankworth's motion to dismiss, the trial court calculated the speedy-trial time as follows:

{¶ 14} "The Court initially computed the Defendant's time in this case as follows (see Court's Exhibit A):

| July 2005 | 12 days | |
| August 2005 | 31 days | |
| September 2005 | 30 days | |
| October 2005 | 31 days | |
| November 2005 | 30 days | |
| December 2005 | 15 days | (It is unclear to the court because neither side produced any evidence, if the initial charges were dismissed or ignored in Common Pleas Court which would have resulted in no charges pending between December 9-16.) |
| Corrected Total | 149 days | |

{¶ 15} "Since the Defendant was held on individual charges arising on different dates with different bonds, the Court concludes he is not eligible for the 3–for–1 provision (R.C. 2945.71(E)) from July to December 15, 2005. [State] v. Johnson [2003-Ohio-3241, 2003 WL 21419631], 2003 Ohio App. Lexis 2903.

{¶ 16} "The Defendant was indicted on December 16, 2005. Pursuant to [*State*] *v. Bowman* (1987), 41 Ohio App.3d 318 [535 N.E.2d 730], second syllabus, once the State joined the charges in a single indictment and intended to proceed to trial on a single trial date, the Defendant was entitled to the 3–for–1 provision of 2945.71.

{¶ 17} "Therefore the court further computes the time as follows:

{¶ 18} "December 16 to December 22     7 days × 3 = 21

{¶ 19} "On December 22nd, the Defendant was arraigned and requested a pretrial conference. (See transcript of arraignment filed in this case.) This tolled the time until the pretrial date, January 3, 2006.

{¶ 20} "However, on December 23, 2005 and on December 28, 2005, demands for discovery were filed; the first being a standard form used at Miami County arraignments and the latter being a written request for discovery filed by the Defendant's new counsel.

{¶ 21} "Pursuant to *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040 [781 N.E.2d 159], demands for discovery are tolling events. The question is, how long do they toll?

{¶ 22} "This Court concludes that this answer must be determined on a case by case basis, and the State must respond to the discovery demand in a reasonably timely fashion. [*State*] *v. Staton* (Dec. 14, 2001), Miami App. No. 2001CA10 at pg. 4–5 [2001 WL 1598024], citing [*State*] *v. Benge* (Apr. 24, 2000), Butler App. No. CA99–05–095 [2000 WL 485524], etc., [*State*] *v. McDonald*, 153 Ohio App.3d 679, 686, 2003-Ohio-4342 [795 N.E.2d 701].

{¶ 23} "In the *McDonald* case, the state did not respond to the discovery requests until eleven months had lapsed. This, the court concluded, was not a reasonably timely response. The *McDonald* court noted it would not set a bright line rule for every case, but after four months, the motion stopped acting as a tolling event. *McDonald*, 686, 687.

{¶ 24} "In the present case, it appears there are three separate alleged victims and four separate incident dates, involving three separate locations.

{¶ 25} "Accordingly, development of the case could possibly take some time. To the Court's questioning, the parties noted the last of the discovery was exchanged February 16, 2006, the same day the motion to dismiss was filed, about one and one-half months after it was demanded.

{¶ 26} "The Court does not perceive any dilatory or bad faith action by the State in this regard. By the time of the arraignment (January 3, 2006), both sides were already resolute in their positions on the speedy trial; the State

thought that the multiple counts tolled the time until April, the Defendant thought the time had expired 90 days after July 20, 2005.

{¶ 27} "This Court, of course has taken a slightly different approach in the ultimate analysis.

{¶ 28} "Nevertheless, the Court will find the request for discovery, Court's Exhibit B, tolled the time in which the Defendant was to be brought to trial and the State responded reasonably by February 16, 2006 at which time Defendant's motion to dismiss further tolled the time.

{¶ 29} "Accordingly, 270 days has not elapsed and the Defendant's motion to dismiss must be overruled."

{¶ 30} On appeal, Dankworth argues that the speedy-trial clock began for each charge on July 20, 2005—the date of his arrest—and that the speedy-trial time for all of these charges expired on October 20, 2005. Dankworth's argument is premised on the idea that because he was arrested for all of the charges on the same date, they should be treated together for speedy-trial purposes and the three-for-one provisions applied as of July 2005.

{¶ 31} "The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. In Ohio, R.C. 2945.71 requires the State to bring a felony defendant to trial within two hundred and seventy days of arrest. R.C. 2945.71(C). Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three pursuant to the triple-count provision of R.C. 2945.71(E)." *State v. Hart*, Montgomery App. No. 19556, 2003-Ohio-5327, 2003 WL 22290005. This "triple-count" provision would reduce to 90 days the time for bringing to trial an accused who is incarcerated the entire time preceding trial.

{¶ 32} However, an accused is entitled to the triple-count provision only when he is held in jail *solely* on the pending charge. *State v. Kaiser* (1978), 56 Ohio St.2d 29, 10 O.O.3d 75, 381 N.E.2d 633, paragraph two of the syllabus; *State v. DeLeon*, Montgomery App. No. 18114, 2002-Ohio-3286, 2002 WL 1393665. The days will not be counted triply if he is also being held for additional charges. See *State v. MacDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40; *State v. Davenport*, Butler App. No. CA2005–01–05, 2005-Ohio-6686, 2005 WL 3454876, ¶ 9.

{¶ 33} The Supreme Court of Ohio has recently considered when multiple charges should be considered, collectively, as a "pending charge" for purposes of R.C. 2945.71(E). *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032. In *Parker*, the defendant was arrested in connection with the discovery of a methamphetamine lab. His arrest resulted in three separate complaints charging the illegal manufacture of drugs, possession of drugs, and carrying a

concealed weapon. Separate bonds were set for the three charges, and the two felony charges were bound over to the court of common pleas. Parker eventually posted a personal recognizance bond in the court of common pleas, but he remained jailed on the misdemeanor charge, which still required cash bail or a surety bond. The misdemeanor charge was subsequently dismissed.

{¶ 34} Upon review, the *Parker* court concluded that the triple-count provision applied to the three charges, despite the fact that Parker was arraigned on three separate complaints. The court held that "when multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E)." *Parker* at ¶ 21. The court noted: "[T]he charges at the time of the complaints could have proceeded together in one jurisdiction. Parker had no control over the decision to refer only the drug charges to the grand jury. The state cannot reasonably argue that it has a mechanism at its disposal whereby after bringing both misdemeanor and felony charges based on a single criminal incident, and retaining the misdemeanor as a pending action in municipal court, it can obviate any triple-count concerns." Id.

{¶ 35} Unlike the situation in *Parker*, Dankworth's July 20 arrest was not related to a single criminal incident that resulted in multiple charges. Rather, Dankworth had engaged in four unrelated acts of criminal conduct, involving at least three separate victims, on four separate dates: forgery on July 17, 2005, theft of a firearm on July 12, 2005, violation of a protective order and burglary on July 18, 2005, and violation of a protective order and arson on July 20, 2005. The state filed separate complaints, and the municipal court imposed separate cash bonds for each of the offenses. Because Dankworth was arrested for numerous unrelated charges, he was not held in jail in lieu of bail on a single "pending charge." To the contrary, Dankworth was held in jail in lieu of bail on several unrelated charges. Accord *State v. Johnson,* Cuyahoga App. Nos. 81692 and 81693, 2003-Ohio-3241, 2003 WL 21419631, ¶ 15–17. Under the circumstances presented, the fact that he was arrested on the same date for each of the unrelated criminal incidents is inconsequential. Moreover, although the state later combined these charges in a single indictment, nothing in the nature of the unrelated charges suggested that the state would or should do so. Contrast *Parker,* supra. Accordingly, the trial court properly calculated the period between July 20, 2005, and December 15, 2005, on a one-to-one basis. Not counting the date of Dankworth's arrest, *State v. Stewart,* Montgomery App. No. 21462, 2006-Ohio-4164, 2006 WL 2336629, ¶ 16 (day of arrest is not counted in computing speedy-trial time), that period amounted to 148 days.

{¶ 36} Dankworth's first assignment of error is overruled.

{¶ 37} We further agree with the trial court that once an indictment including all of the charges was filed on December 16, 2005, Dankworth was entitled to the triple-count provision of R.C. 2945.71(E). Although this issue has not been directly addressed by the Ohio Supreme Court or by this court, several courts have held that when an accused is charged with several unrelated offenses in a multiple-count indictment and all counts are to be tried in a single trial, the indictment is treated as a single charge, and the accused is entitled to the triple-count provision. *State v. Collins* (1993), 91 Ohio App.3d 10, 14–15, 631 N.E.2d 666; *State v. Armstrong* (May 25, 1989), Franklin App. No. 87AP–1166, 1989 WL 55700; *State v. Bowman* (1987), 41 Ohio App.3d 318, 535 N.E.2d 730. We agree with this proposition and note that the state likewise concedes that the triple-count provision applied once all charges were joined in a single indictment.

{¶ 38} Moreover, we find no basis to conclude that *Parker* requires us to treat the multiple counts in the indictment on a one-to-one basis. *Parker* addressed the situation in which multiple related charges were brought separately, and the Ohio Supreme Court concluded, in essence, that the state could not circumvent the triple-count provision by charging the related offenses in separate complaints and addressing them in multiple courts. *Parker* does not address the reverse situation in which multiple unrelated charges are brought in a single multiple-count indictment, as is the case herein, nor does *Parker* suggest that the triple-count provision applies only when factual circumstances similar to Parker's exist. Accordingly, we conclude that because Dankworth was in jail in lieu of bond on a single indictment, the time between December 16, 2005, and February 27, 2006, was properly counted triply. That time period amounted to an additional 222 days in jail.

{¶ 39} Accordingly, between July 21, 2005, and February 27, 2006, Dankworth was incarcerated for a total of 370 days (148 days plus 222 days).

{¶ 40} A defendant must be brought to trial within the time limit set by statute unless the time is tolled by one of the exceptions listed in R.C. 2945.72. Under R.C. 2945.72, the speedy-trial time may be tolled during any period of delay "necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E).

{¶ 41} Dankworth does not dispute that certain dates of his incarceration did not count against the state for speedy-trial purposes. Dankworth was arraigned on December 22, 2005, and he requested a pretrial conference at that time. The speedy-trial time was thus tolled until January 3, 2006, when the pretrial conference was held. This period was also tolled by Dankworth's request for a continuance of the pretrial conference, filed on December 28, 2005. Because that motion was denied and the pretrial conference was held as scheduled, the tolling period resulting from the motion for a continuance likewise ended on January 3,

2006. Dankworth also does not challenge that the speedy-trial time was tolled from February 16, 2006, when he filed his motion to dismiss, until his plea on February 27, 2006. Accordingly, Dankworth does not challenge that 75 days (25 days counted triply) were properly considered tolled by the trial court.

{¶ 42} In his second assignment of error, Dankworth contends that the trial court abused its discretion when it tolled the period between December 28, 2005, when Dankworth's new counsel filed a discovery request, and February 16, 2006, when the state filed its amended witness list.

{¶ 43} The Ohio Supreme Court has held that a defendant's demand for discovery or a bill of particulars is a tolling event, pursuant to R.C. 2945.72(E). *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159. The court reasoned that "[d]iscovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay. If no tolling is permitted, a defendant could attempt to cause a speedy-trial violation by filing discovery requests just before trial." Id. at 124, 781 N.E.2d 159.

{¶ 44} In *State v. Knight*, Greene App. No. 03-CA-14, 2005-Ohio-3179, 2005 WL 1490364, we held that a defendant's filing of a discovery request did not toll the speedy-trial time when the state had preemptively complied with the defendant's request (i.e., the state had provided the requested discovery before the request was made). We stated:

{¶ 45} "On May 6, 2002, Defendant timely filed his request for discovery. Ordinarily, that demand would toll the speedy trial time for the reasonable period of time necessary for the State to respond. *Brown, supra*. However, the State had already filed its 'Rule 16 Compliance' on May 1, 2002. Consequently, Defendant's request for discovery could not divert the prosecutor's attention from preparing the case for trial, *Brown, supra*, because the State had already provided discovery. Therefore, Defendant's May 6, 2002, request for discovery did not toll the speedy trial time." Id. at ¶ 18.

{¶ 46} The present circumstances are similar to those in *Knight*. Here, it is undisputed that Dankworth and the state provided reciprocal discovery following the arraignment on December 22, 2005. As indicated by the trial court, on the following day, the parties filed a standard form in which Dankworth both demanded discovery and acknowledged receipt of presently available discovery from the prosecutor. The form further acknowledged Dankworth's receipt of the state's demand for discovery. When Dankworth obtained new counsel on December 28, 2005, his new counsel filed a second request for discovery. However, the record reflects that the state had no additional discovery to provide. In our view, the state's filing of an amended witness list on February 16, 2006, was not a response to the discovery request but merely satisfied the state's continuing

obligation to notify the defense of its intended witnesses at trial. Thus, in accordance with *Knight*, Dankworth's December 28 request did not toll the speedy-trial time, at least not beyond the reasonable time it should have taken the state to examine that request and determine that no additional discovery, beyond the discovery already provided, was being requested. In our view, the state had ample opportunity to come to this conclusion by the time of the pretrial conference on January 3, 2006. Consequently, the trial court erred when it tolled the time between January 3, 2006, and February 16, 2006. As a result, Dankworth was held in jail in lieu of bail in excess of the time limit set forth in R.C. 2945.71, and the trial court should have granted his motion to dismiss.

{¶ 47} Dankworth's second assignment of error is sustained.

### III

{¶ 48} Dankworth's second assignment of error having been sustained, the judgment of the trial court is reversed, and Dankworth is ordered discharged with respect to the convictions with which this appeal is concerned.

Judgment accordingly.

GRADY and DONOVAN, JJ., concur.