[Cite as *State v. Jones*, 2014-Ohio-4605.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | : |
| Plaintiff-Appellant/<br>Cross-Appellee | : C.A. CASE NO. 2013 CA 118 |
| v. | : T.C. NO.   13CR612 |
| JOHN R. JONES | : (Criminal appeal from<br>Common Pleas Court) |
| Defendant-Appellee/<br>Cross-Appellant | : |
| | : |

. . . . . . . . . .

**O P I N I O N**

Rendered on the <u>     17th     </u> day of <u>     October     </u>, 2014.

. . . . . . . . . .

ELIZABETH L. McCORMICK, Atty. Reg. No. 0087862, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellant/Cross-Appellee

JEFFREY D. LIVINGSTON, Atty. Reg. No. 0062466, 120 W. Second Street, Suite 2000, Dayton, Ohio 45402
        Attorney for Defendant-Appellee/Cross-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}   The State of Ohio appeals from a judgment of the Clark County Court of Common Pleas, which dismissed, with prejudice, the case against John Jones on the ground that the State was not prepared to proceed to trial on the scheduled trial date and Jones's

speedy trial time had expired.[1]   The State claims that the trial court erred in failing to grant its motion for a continuance.   For the following reasons, the trial court's judgment will be affirmed.

{¶ 2}   On August 28, 2013, Jones was arrested and charged in the Clark County Municipal Court with committing two counts of violating a protection order and one count of domestic violence.   Bail was set at $20,000; Jones was incarcerated in the Clark County Jail.

{¶ 3}   On September 3, 2013, Jones was indicted for one count of domestic violence (prior conviction), a fourth-degree felony, one count of violating a protection order or consent agreement (while committing a felony offense), a third-degree felony; and one count of violating a protection order or consent agreement, a first-degree misdemeanor. Jones was arrested on the indictment on September 4, 2013.   Due to the indictment, the municipal court case was dismissed.

{¶ 4}   Jones was arraigned on September 9, 2013, and bail was again set at $20,000. Jones continued to be incarcerated during the pendency of his case.   A jury trial was scheduled for December 9, 2013.

{¶ 5}   On December 6, 2013, Jones filed a motion to dismiss, claiming that the speedy trial time had expired.   The State responded that Jones had made a demand for discovery (which was delivered to the prosecutor, but not filed) on

---

[1]   Jones filed a cross-appeal, indicating that he was challenging the trial court's denial of his motion to dismiss on speedy trial grounds.   However, Jones's appellate brief addresses only the trial court's denial of the State's motion for a continuance and does not set forth any assignments of error related to the cross-appeal.   Regardless, as discussed, infra, the trial court properly concluded that Jones's speedy time had not expired and overruled Jones's motion.

September 11, 2013, which tolled the speedy trial time. The State had responded to the demand for discovery on September 19, 2013 and September 24, 2013.

{¶ 6} The court held a hearing on Jones's motion to dismiss. On Wednesday, December 18, 2013, the trial court concluded that the speedy trial time was tolled between September 11, when the demand for discovery was made, and September 24, when the State finished responding, and the court denied the motion. The trial court rescheduled the trial date to Monday, December 23, 2013.

{¶ 7} The following day (December 19), the State filed a motion to continue the trial date, on the ground that the responding officer was on vacation until December 25 and that he was a necessary witness in the State's case. Citing R.C. 2945.72(E), the speedy trial statute, the State asserted that a reasonable continuance was permitted under these circumstances. Jones responded that the police officer was not a witness to the events, that the complainant and her teenaged son were the only crucial witnesses, and that the State wanted to present the police officer's testimony because the complainant had indicated her unwillingness to testify against the defendant (her adult son). Jones attached a copy of the complainant's handwritten letter to the prosecutor, which expressed the complainant's decision not to testify. On December 20, 2013, a Friday, the trial court summarily denied the State's motion for a continuance.

{¶ 8} The parties appeared for trial on December 23, 2013. At that time, the State renewed its motion for a continuance, arguing that four of the State's necessary witnesses had not been served with a subpoena. (The State's witness

list included eight names.[2]) The prosecutor indicated that the police officer who recalled the incident, the State's "main witness," was on vacation until December 25. In addition, the complainant and other lay witnesses had not been subpoenaed and, "[b]eing that it is a holiday week, there are quite a few people out of town and unavailable." The prosecutor stated that "[e]veryone that I could reach by phone, I did * * *." Jones responded that his speedy trial time had expired, that the State could have contacted its lay witnesses over the weekend, and that "[i]t comes down to two witnesses that are crucial and do not want to prosecute this matter, that will not cooperate with the state."

{¶ 9} The court stated that it was "required to set the matter for trial as soon as reasonably possible so as not to violate the defendant's right to a speedy trial. The first day possible for the Court to preside over the trial was today, the 23rd." The court noted that the State was prepared to go to trial on December 9, the original trial date. The court found that the State "had knowledge that if the motion to dismiss was overruled, that the Court would have to set the matter for trial immediately" and that the State's witnesses could have and should have been informed of that fact so they would be prepared to appear on short notice. Based on the State's representation that it did not have any witnesses available that day (December 23) and the court's conclusion that the speedy trial time had expired, the trial court ruled that the action would be dismissed. The same day, the court

---

[2] Of the eight names, three individuals were law enforcement officers, although the prosecutor indicated that one officer no longer remembered the incident. The other individuals included the director of the Springfield Communications Center, the clerk of court of the Clark County Court of Common Pleas, the clerk of court of the Clark County Municipal Court,

issued a written entry dismissing the case, with prejudice, "on the grounds that the State of Ohio was not prepared to proceed to trial on December 23, 2013 at 9:00 A.M. and the time within which the defendant must be brought to trial under the speedy trial statute has expired."

{¶ 10} The State appeals from the trial court's judgment, arguing that the trial court erred in denying its motion for a continuance. We note that the State was authorized to bring this appeal pursuant to R.C. 2945.67(A), which allows a prosecuting attorney to appeal as a matter of right a trial court's decision to dismiss all or part of an indictment.

{¶ 11} Under R.C. 2945.71(C)(2), the State must bring a felony defendant to trial within 270 days of arrest. " 'Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three, pursuant to the triple-count provision of R.C. 2945.71(E).' This 'triple-count' provision would reduce to 90 days the time for bringing to trial an accused who is incarcerated the entire time preceding trial." (Citation omitted.) *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902, ¶ 31 (2d Dist.).

{¶ 12} The time within which a defendant must be brought to trial may be extended for the reasons specifically enumerated in R.C. 2945.72. *State v. Brewer*, 2d Dist. Montgomery Nos. 22159, 22160, 2008-Ohio-2715, ¶ 37, citing *State v. Palmer*, 84 Ohio St.3d 103, 702 N.E.2d 72 (1998). Permissible reasons for extending the trial date include "[a]ny period of delay necessitated by reason of

---

the complainant, and the complainant's teenaged son.

a * * * motion * * * made or instituted by the accused" and "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(E) and (H).

{¶ 13}   Jones's speedy trial time began to run on August 29, 2013, the day after he was arrested, and his speedy trial time ran on a three-to-one basis until September 11, 2013, when he gave the State his demand for discovery. "A defendant's demand for discovery or a bill of particulars is a tolling event, pursuant to R.C. 2945.72(E)." *State v. Bakhshi*, 2d Dist. Montgomery No. 25585, 2014-Ohio-1268, ¶ 36; *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159. Jones's speedy trial time again ran on a three-to-one basis from September 25 until December 6, when Jones filed his motion to dismiss. At that juncture, 85 speedy trial days had elapsed (August: 3 days, September: 16 days, October: 31 days, November: 30 days, December: 5 days).

{¶ 14}   The State asserts that the unavailability of a witness is a reasonable basis for a continuance under R.C. 2945.72(H), and thus the trial court should have granted its motion for a continuance. We agree with the State that the unavailability of a necessary witness may be reasonable grounds for a continuance. *See, e.g., State v. Saffell*, 35 Ohio St.3d 90, 518 N.E.2d 934 (1988); *State v. Nesser*, 2d Dist. Clark No. 2013 CA 21, 2014-Ohio-1978, ¶ 35. In *Saffell*, the Ohio Supreme Court concluded that the trial court reasonably granted a continuance under R.C. 2945.72(H) when the arresting police officer would be on vacation when the trial was to proceed and the continuance was granted prior to the expiration of

the speedy trial time. The supreme court further held that the new trial date, which was three days beyond the speedy trial deadline, but the first possible date that the judge could hold the defendant's trial, was reasonable under the circumstances. *Id.* at 92.

{¶ 15} We do not automatically conclude, however, that the trial court was required to grant a continuance. The fact that the grant of a continuance may be reasonable does not necessarily compel a conclusion that the denial of a continuance is unreasonable.

> The decision of whether to grant a continuance is a matter entrusted to the sound discretion of the trial court. Therefore, a reviewing court will not reverse a trial court's decision to deny a motion for a continuance absent an abuse of discretion. "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."

(Citations omitted.) *State v. Fairman*, 2d Dist. Montgomery No. 24299, 2011-Ohio-6489, ¶ 18.

{¶ 16} In this case, upon overruling Jones's motion to dismiss, the trial court rescheduled the trial for the earliest available date, December 23, 2013, which was also the final day under the speedy trial statute by which to bring Jones to trial. In its December 19 motion for a continuance, the State indicated that it had issued subpoenas, but that one necessary witness, a police officer, would be on vacation

on December 23 and would not return to work until December 25. Given that the State's witness list included eight individuals, the trial court could have reasonably concluded that the jury trial could begin on December 23 with the available witnesses and be completed after the officer returned two days later. We find no abuse of discretion in the trial court's denial of the State's December 19 motion for a continuance.

{¶ 17} The State renewed its motion on December 23, the scheduled trial date. At that time, the prosecutor indicated that two of the State's witnesses (the responding police officer and the director of communications) were on scheduled vacations. The State further indicated that another police officer did not remember the events at issue and would not testify. However, none of the State's potential witnesses, including the complainant, were present on December 23. The trial court expressed to the prosecutor that the State should have prepared its witnesses to be available on short notice, should Jones's motion to dismiss be denied. The trial court did not abuse its discretion in concluding that the State should have been prepared to proceed with some, if not all, of its witnesses on the scheduled trial date. The trial court further reasonably expressed concern that Jones's speedy trial time had run, and any delay would be outside of Jones's speedy trial time. Under these circumstances, we cannot conclude that the trial court acted unreasonably when it denied the State's renewed motion for a continuance.

{¶ 18} The State's assignment of error is overruled.

{¶ 19} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Elizabeth L. McCormick
Jeffrey D. Livingston
Hon. Douglas M. Rastatter