[Cite as *State v. McClain*, 2015-Ohio-3691.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26601 |
| | : | |
| v. | : | Trial Court Case No. 13-CR-3942/2 |
| | : | |
| TODD A. McCLAIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of September, 2015.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellee

DANIEL J. O'BRIEN, Atty. Reg. No. 0031461, 131 North Ludlow Street, Talbott Tower, Suite 1210, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Todd A. McClain appeals from his conviction and sentence following a

no-contest plea to one count of heroin trafficking, a second-degree felony.

{¶ 2} McClain advances two assignments of error. First, he contends he "was denied his absolute right to seasonable discovery, his right to timely prepare a meaningful defense and his right to a speedy trial in violation of due process and equal protection of the law and *Brady v. Maryland*." (Appellant's brief at 3). Second, he asserts that "all prejudicial deprivations" that occurred in a related but separate case involving his brother Stephen McClain "are hereby incorporated herein by reference in toto, made a part hereof and included as assignment of error #2 as if fully rewritten herein." (*Id.*).

{¶ 3} The record reflects that McClain was indicted in January 2014 on two counts of heroin trafficking and one count of engaging in a pattern of corrupt activity. (Doc. #1). He was arrested at the end of March 2014. (Doc. #8). The charges against McClain stemmed from controlled drug buys involving a confidential informant identified below in a search-warrant affidavit as CI#2. The transactions resulted in police obtaining several search warrants for various locations. McClain moved to suppress evidence obtained during searches of the locations. (Doc. #17). Following an evidentiary hearing, the trial court overruled the motion. (Doc. #25). On the morning of his scheduled trial, McClain filed a conclusory motion to dismiss for a violation of his constitutional and statutory speedy-trial rights. (Doc. #35). One day later, the trial court filed a waiver-and-plea form showing McClain's entry of a no-contest plea to one count of heroin trafficking in exchange for dismissal of the other charges. (Doc. #37). The trial court found McClain guilty and imposed a two-year prison sentence and other sanctions. (Doc. #47). The trial court stayed execution of the sentence pending appeal. (*Id.*).

{¶ 4} The essence of McClain's first assignment of error is that the State did not

timely disclose (1) the identity of CI#2, the confidential informant with whom he engaged in the controlled drug buys and (2) information allegedly impacting the credibility of this informant, including "evidence that this CI had an extensive criminal record, was evading an active criminal warrant, had a serious daily drug habit and was seeking extremely valuable assistance from the RANGE Task Force for a girlfriend facing serious felony charges in 2 different jurisdictions."[1] (Appellant's brief at 4).

{¶ 5} Although McClain and his brother discovered the confidential informant's identity themselves and called the informant as a defense witness during the suppression hearing, McClain argues the State's failure to disclose the informant's identity and the foregoing impeaching information sooner violated his constitutional rights in various ways. In his appellate brief, he raises these alleged violations in the form of a constitutional speedy-trial argument under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 182, 33 L.Ed.2d 101 (1972). He asserts that not knowing the informant's identity or the impeaching information prevented him from preparing a meaningful defense for more than one year while the charges against him remained pending. He maintains that the government's "failure to provide all required discovery, including *Brady* material[,] satisfies the prejudice prong of the *Barker v. Wingo* analysis, as the type of inculpatory evidence with which we were dealing, incriminating evidence which would have catastrophically damaged the credibility of the prosecution's sine qua non indispensable witness, would have crippled and evaporated the case against the appellant." (Appellant's brief at 6).

{¶ 6} Upon review, we find no constitutional speedy-trial violation resulting from

---

[1] Although McClain's appellate brief mentions two confidential informants, "CI#1" and "CI#2," the controlled drug buys giving rise to the charges against him involved CI#2.

the State's failure to disclose CI#2's identity or the allegedly impeaching information about the informant. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. In *Barker*, the Supreme Court established a balancing test for determining whether a defendant's constitutional right to a speedy trial has been violated. The four factors are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker* at 530. "[T]hese four factors are balanced considering the totality of the circumstances, with no one factor controlling." *State v. Perkins*, 2d Dist. Clark No. 08-CA-0081, 2009-Ohio-3033, ¶ 8.

**{¶ 7}** Here McClain was indicted on January 10, 2014. He entered his no-contest plea almost exactly one year later on January 5, 2015, his scheduled trial date. "One year is generally a long enough delay to warrant consideration of the remaining three *Barker* factors." *Id*. at ¶ 9. But the record reflects multiple reasons for the delay that are attributable to McClain. First, he apparently could not be located following his January 10, 2014 indictment and was not arrested on the indictment until March 28, 2014. (Doc. #7). Second, McClain sought and received two continuances that caused a delay from April 10, 2014 through May 22, 2014. (Doc. #13, 18). Third, McClain filed a suppression motion on April 30, 2014. (Doc. #17). The trial court promptly held a May 22, 2014 hearing on the motion. McClain asked to file a post-hearing memorandum which was not done until June 19, 2014. (Doc. #23). The trial court overruled the suppression motion 78 days later in a September 5, 2014 order. (Doc. #25). Contrary to the argument in McClain's reply brief, we see nothing unreasonable in the trial court's 78-day delay after McClain filed his post-hearing memorandum. *See State v. McClain*, 2d Dist. Montgomery No.

26602, September 11, 2015 opinion (addressing the same issue with regard to the same hearing). In short, the record reveals that the majority of the delay between McClain's January 10, 2014 indictment and his January 5, 2015 no-contest plea was attributable to him. Accordingly, the second *Barker* factor weighs against finding a constitutional speedy-trial violation.

{¶ 8} The next *Barker* factor is "the defendant's assertion of his right" to a speedy trial. *Barker* at 530. " 'It is well established under our law that the right to a speedy trial conferred by the Constitution is not self-executing. Affirmative action on the part of an accused in the nature of a demand to be tried is necessary to invoke the protection of the Constitution.' " *Perkins*, ¶ 12, quoting *Partsch v. Haskins*, 175 Ohio St. 139, 140, 191 N.E.2d 922 (1963). " 'In other words, there can be no denial where there has been no demand. The purpose of Section 10, Article I, is to provide a trial for an accused without undue delay with its attendant anxieties and the possibility that the defense might be prejudiced by the lapse of time. However, it was not intended as a shield to the guilty, the protection of which might be invoked by sitting silently back and allowing the prosecution to believe that the accused is acquiescing in the delay. It is a right which must be claimed or it will be held to have been waived.' " *Id*. Here the record before us does not reflect any assertion by McClain of his speedy-trial right prior to the filing of his terse January 5, 2015 motion to dismiss on speedy-trial grounds. As noted above, he filed that motion the same day he entered his no-contest plea. Therefore, the third *Barker* factor weighs against finding a constitutional speedy-trial violation.

{¶ 9} With regard to the fourth *Barker* factor, we see no actual prejudice to McClain as a result of the delay at issue, which, as noted above, was largely attributable to him. In

his appellate brief, McClain argues that the one-year delay in this case was "presumptively prejudicial." We note, however, that a finding of "presumptive prejudice" is merely a triggering mechanism under the first *Barker* factor that justifies an inquiry into the other three factors. *State v. Kraus*, 2d Dist. Greene No. 2011-CA-35, 2013-Ohio-393, ¶ 23. The last of those other factors involves actual prejudice. Here the only actual prejudice McClain suggests in his appellate brief is impairment of his defense. Specifically, he argues that he was prejudiced by delay in learning the identity of CI#2 with whom he engaged in the controlled drug buys and information impacting the credibility of that informant. As noted above, he asserts that this information "would have catastrophically damaged the credibility of the prosecution's sine qua non indispensable witness, [and] would have crippled and evaporated the case against the appellant." (Appellant's brief at 6).

{¶ 10} Upon review, we find no actual prejudice to McClain for at least two reasons. First, we are not persuaded that the information he discusses about the CI#2 would have "evaporated" the State's case, which primarily was based on police directly observing and recording at least two controlled drug buys involving McClain and the informant. Second, the confidential informant testified as a defense witness at the May 22, 2014 suppression hearing and the allegedly impeaching facts about him were discussed then. Given that McClain was not indicted until January 10, 2014 and was not arrested on the indictment until March 28, 2014, he actually learned the information at issue relatively quickly (i.e., roughly four months after his indictment and two months after his arrest). For these reasons, we find no actual prejudice to McClain as a result of the delay about which he complains. In light of the foregoing analysis, it is readily apparent

that no constitutional speedy-trial violation exists. Although McClain complains about a nearly one-year delay between his indictment and no-contest plea, he is responsible for most of that delay, he did not assert his speedy-trial right, and he was not prejudiced by the delay.

{¶ 11} While McClain's opening appellate brief does not appear to raise a statutory speedy-trial argument, we also note that we agree with the State's assessment that no statutory violation exists either. Ohio's speedy trial statutes, R.C. 2945.71 et seq., constitute a rational effort to implement the constitutional right to a speedy trial and will be strictly enforced. *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980). In Ohio, R.C. 2945.71 requires the State to bring a felony defendant to trial within 270 days of arrest. R.C. 2945.71(C). Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three pursuant to the triple-count provision of R.C. 2945.71(E). This "triple-count" provision reduces to 90 days the time for bringing to trial an accused who is incarcerated the entire time preceding trial. *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902, ¶ 31 (2d Dist.). Pursuant to R.C. 2945.72, however, the time within which an accused must be brought to trial is extended by a period of delay caused by his own motions.

{¶ 12} Applying the foregoing standards, we see no violation of McClain's statutory right to a speedy trial. He was arrested on March 28, 2014 and posted bond that same day. Giving him credit for *three days* under the triple-count provision, the State still had 267 days to bring him to trial. *Twelve days* then elapsed before April 10, 2014, when McClain moved for and received the first of two continuances. His April 30, 2014 suppression motion kept the speedy-trial clock tolled through the trial court's May 22,

2014 hearing on the motion, McClain's filing of a post-hearing memorandum on June 19, 2014, and the trial court's overruling of the suppression motion on September 5, 2014. Another *122 days* then elapsed between September 5, 2014 and McClain's no-contest plea on January 5, 2015. Adding together the 3 days, 12 days, and 122 days results in 137 speedy-trial days passing before McClain entered his no-contest plea. Therefore, the plea occurred well within the 270-day statutory speedy-trial time limit.

{¶ 13} Finally, insofar as McClain's appellate brief may be asserting free-standing arguments about violations of his right to discovery and his right to prepare a meaningful defense (as opposed to raising these issues as components of his constitutional speedy-trial argument), we find them to be without merit. McClain assets that he had a right under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to learn CI#2's identity and certain information affecting the informant's credibility. He likewise argues that he had a constitutional right to prepare a meaningful defense. He maintains that these rights were violated by a one-year delay in his discovery of CI#2's identity and the information about the informant's credibility. We disagree. Assuming, arguendo, that McClain was entitled to information about the confidential informant, the record reflects that he had that information at the time of the May 22, 2014 suppression hearing, which was roughly four months after his indictment and two months after his arrest—not one year as he alleges. For the foregoing reasons, the first assignment of error is overruled.

{¶ 14} In his second assignment of error, McClain seeks to incorporate by reference "all prejudicial deprivations" that occurred in the related criminal case involving his brother Stephen McClain. The only issues in that case, however, involved whether a

warrant to search Stephen McClain's house was enforceable and whether Stephen McClain's statutory speedy-trial right was violated. We fail to see how either of these issues is relevant to Todd McClain's present appeal. In any event, we contemporaneously have overruled the assignments of error in Stephen McClain's case and affirmed the trial court's judgment. *See State v. McClain*, 2d Dist. Montgomery No. 26602, September 11, 2015 opinion. In light of that ruling, Todd McClain cannot possibly identify any prejudicial error in his brother's case that would assist him here. Accordingly, the second assignment of error is overruled.

{¶ 15} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Daniel J. O'Brien
Steven K. Dankof