[Cite as *State v. Springs*, 2022-Ohio-3761.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-19 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-327 |
| | : | |
| CORY M. SPRINGS, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of October, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

CHRISTOPHER BAZELEY, Atty. Reg. No. 0077473, 9200 Montgomery Road, Suite 8A, Cincinnati, Ohio 45242
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Corey M. Springs, Sr., appeals his conviction for one count of aggravated robbery.   Springs filed a timely notice of appeal on March 1, 2022.

{¶ 2} On May 11, 2021, Springs robbed a Speedway gas station in Clark County, Ohio.   After threatening to shoot the cashier, Springs fled the store with approximately $120.   Springs was arrested the next day and placed in the Clark County Jail.

{¶ 3} On May 24, 2021, Springs was indicted for one of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree, with an attendant firearm specification.   At his arraignment on May 28, 2021, Springs pled not guilty to the offense. The trial court scheduled Springs's trial for August 3, 2021.   On July 26, 2021, however, defense counsel contacted the prosecutor and indicated that Springs wanted to accept the terms of a plea agreement that had been offered by the State.   The terms of the plea agreement required Springs to plead to an amended charge, provide "truthful testimony" before a grand jury and at trial against another defendant, and plead to a bill of information containing a reduced charge of third-degree robbery in this case and two additional counts of third-degree robbery unrelated to this case.

{¶ 4} On August 2, 2021, Springs, through counsel, filed a motion to continue his jury trial.   The trial court granted Springs's motion and rescheduled the trial for August 18, 2021.   On August 16, 2021, the parties arranged for Springs to testify before the grand jury, but he refused to do so, indicating that he needed to further discuss the plea negotiations with his counsel and the assistant prosecutor.   On August 18, 2021, the trial court continued Springs's trial date without a motion from either party.

{¶ 5} On August 24, 2021, the State filed a bill of information against Springs under

a separate case number, Clark C.P. No. 2021-CR-550, which included three counts of robbery, all felonies of the third degree. The State also scheduled Springs to testify before the grand jury pursuant to the plea agreement in this case on August 30, 2021. On that date, Springs again refused to testify, stating that he wanted to speak with his attorney. The State then scheduled Springs to testify before the grand jury on September 7, 2021. On that date, Springs asked the State whether it would agree to an additional term in the plea agreement, but the State rejected Springs's offer. Defense counsel then informed the State that Springs would no longer honor the plea agreement and the matter should be scheduled for trial.

{¶ 6} On September 13, 2021, the State filed a "Motion for Hearing and Trial Date," requesting that the trial court hold a hearing to address any speedy trial issues that may have arisen and also to set a trial date. A hearing was held on this motion on September 24, 2021, wherein Springs made an oral motion to dismiss his case, alleging a violation of his right to speedy trial. In response, the State argued that the trial was delayed because of Springs's stalling and continued failure to cooperate with the terms of the plea agreement proposed by the State and as initially agreed to by Springs.

{¶ 7} On September 27, 2021, the trial court found that Springs's right to speedy trial had not been violated. Specifically, the trial court first found that speedy trial time had been tolled for 15 days from August 3, 2021, until August 18, 2021, based upon Springs's motion to continue the trial. The trial court also found that time had been tolled from August 18, 2021, until September 24, 2021 (when Springs made his oral motion to dismiss), due to Springs's "neglect or improper act" pursuant to R.C. 2945.72(D) when he

failed to abide by the terms of the plea agreement by refusing to testify before the grand jury on three different occasions.   The trial court also held that the triple-count provision did not apply from August 24, 2021, through September 24, 2021, because of the bill of information filed in Case No. 2021-CR-550, which charged two additional unrelated felony offenses in addition to the offense for which he was charged in this case.   The trial court scheduled Springs's jury trial for October 25, 2021, which it found to be a reasonable period of time to preserve his right to speedy trial.

{¶ 8} Springs later moved to continue his trial date twice, and the trial court rescheduled the jury trial for December 15, 2021, and then again for March 8, 2022. However, on January 26, 2022, Springs pled no contest to one count of aggravated robbery, and the trial court dismissed the firearm specification.   On February 14, 2022, the trial court sentenced Springs to an indefinite prison term of 10 to 15 years in prison.

{¶ 9} It is from this judgment that Springs now appeals.

{¶ 10} Springs's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT DENIED SPRINGS' MOTION TO DISCHARGE FOR A VIOLATION OF HIS STATUTORY RIGHT TO A SPEEDY TRIAL.

{¶ 11} Springs contends that the trial court erred when it denied his motion to dismiss based on an alleged violation of his statutory right to speedy trial.

**Statutory Right to Speedy Trial**

{¶ 12} Ohio's speedy trial statutes constitute a rational effort to implement the constitutional right to a speedy trial and are to be strictly enforced. *State v. Pachay*, 64

Ohio St.2d 218, 416 N.E.2d 589 (1980). In Ohio, R.C. 2945.71 requires the State to bring a felony defendant to trial within 270 days of arrest. R.C. 2945.71(C). Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three days pursuant to the "triple-count" provision of R.C. 2945.71(E). This triple-count provision reduces to 90 days the time for bringing to trial an accused who is incarcerated the entire time preceding trial. *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902, ¶ 31 (2d Dist.). Pursuant to R.C. 2945.72, however, the time within which an accused must be brought to trial is extended by a period of delay caused by his own motions. *State v. McClain*, 2015-Ohio-3691, 41 N.E.3d 882, ¶ 11 (2d Dist.).

{¶ 13} Initially, we note that it is undisputed that Springs filed a motion to continue his jury trial on August 2, 2021. Therefore, the trial court properly found that speedy trial time was tolled for 15 days from August 3, 2021, until August 18, 2021.

## R.C. 2945.72(D)

{¶ 14} Springs argues that the trial court erred when it found that speedy time was tolled for 37 days between August 18, 2021, and the motion to dismiss hearing held on September 24, 2021. In so finding, the trial court noted how Springs's "indecisiveness * * * on August 16, 2021, cost the State a trial date on August 18, 2021." Decision (Sept. 27, 2021), p. 6. The trial court further stated that Springs's "vacillating conduct, or neglect in following through with the plea agreement, caused delay that justifies the tolling of speedy trial time." *Id.*

{¶ 15} In support of its decision, the trial court cited *State v. Wiseman*, 5th Dist. Richland No. 2562, 1988 WL 88735 (Aug. 16, 1988). In *Wiseman*, the trial was delayed

beyond the statutory speedy trial time period because the defendant and State were engaged in plea negotiations. The *Wiseman* court found that "the clear import of [plea negotiations] was to secure a more favorable disposition of appellant's case." *Id.* at ¶ 2. Therefore, Wiseman held that the defendant's right to a speedy trial had not been violated.

{¶ 16} In Springs's case, the trial court relied upon the holding in *Wiseman* and on R.C. 2945.72(D), which states in pertinent part:

> The time within which an accused must be brought to trial, or, in the case
> of felony, to preliminary hearing and trial, may be extended only by the
> following:
>
> * * *
>
> (D) Any period of delay occasioned by the neglect or improper act of the
> accused.

{¶ 17} As previously stated, on July 26, 2021, defense counsel contacted the prosecutor and indicated that Springs wanted to accept the terms of a plea agreement that had been offered by the State. The terms of the plea agreement required Springs, among other things, to provide "truthful testimony" before a grand jury and at trial against another defendant.

{¶ 18} Springs's original trial date was scheduled for August 3, 2021, but he requested and was granted a continuance until August 18, 2021. On August 16, 2021, the parties arranged for Springs to testify before the grand jury, but he refused to do so, indicating that he needed to further discuss the plea negotiations with his counsel. On August 18, 2021, the trial court continued Springs's trial date. On August 24, 2021, the

State filed a bill of information against Springs under a separate case number, Case No. 2021-CR-550. The State also scheduled Springs to testify before the grand jury pursuant to the plea agreement in this case on August 30, 2021. On that date, Springs again refused to testify, stating that he wanted to speak with his attorney. The State then scheduled Springs to testify before the grand jury on September 7, 2021. On that date, Springs asked the State whether it would agree to an additional term in the plea agreement, but the State refused. At that point, Springs indicated that he wanted to go to trial.

{¶ 19} Generally, plea negotiations would not constitute a tolling event. However, the unique circumstances presented in this case supported the trial court's finding that Springs's speedy trial time was tolled from August 18, 2021, until September 24, 2021, the date of the motion to dismiss hearing. The State attempted on three separate occasions to have Springs testify before a grand jury pursuant to the parties' plea agreement. On each occasion, Springs vacillated and refused to testify. Given the seriousness of the charges against Springs, some degree of uncertainty was to be expected regarding the plea negotiations. Nevertheless, Springs was afforded not one but three opportunities to testify before the grand jury; he vacillated or refused each time. Therefore, the trial court reasonably concluded that, based upon the holding in *Wiseman* and the unique circumstances present in this case, Springs's vacillating conduct resulted in a period of delay that warranted the tolling of his speedy trial time from August 18, 2021, until September 24, 2021.

{¶ 20} Springs was arrested on May 12, 2021. When computing speedy trial time,

the day of arrest is not counted. *State v. Stewart*, 2d Dist. Montgomery No. 21462, 2006-Ohio-4164, ¶ 16. Using the triple-count provision in R.C. 2945.72(E), from May 13, 2021, until August 2, 2021 (when Springs filed his motion for a continuance), 82 days elapsed which were chargeable to the State. Speedy trial time was tolled from August 3, 2021, until August 18, 2021, per Springs's motion for a continuance. Springs's speedy time was also tolled from August 18, 2021, until September 24, 2021, based upon Springs's repeated refusals to testify before the grand jury, thereby resulting in an improper delay caused by his own actions. Accordingly, we find that the State had an additional eight days to bring Springs's case to trial.

**Triple-Count Provision**

{¶ 21} Springs relies upon *State v. Butcher*, 27 Ohio St.3d 28, 500 N.E.2d 1368 (1986), for the proposition that the State has the burden of proof with respect to whether a defendant was held in jail solely on the pending charge, in which event each day in jail counts as three days for purposes of computing time under the Ohio speedy trial statute, R.C. 2945.71(E). Because the State presented no documentary evidence at the motion to dismiss hearing to support its allegation that it had filed a bill of information on August 24, 2021, charging two additional unrelated felony offenses, Springs argues that he was entitled to the triple-count provision in R.C. 2945.71(C).

{¶ 22} *Butcher* held:

When appellee alleged in his motion that he was incarcerated "solely on this pending charge" and then demonstrated that he was not brought to trial within the limits imposed by the triple-count provision, he presented a prima

facie case for discharge. At that point a burden of production arose whereby the state became obligated to produce evidence demonstrating appellee was not entitled to be brought to trial within the limits of R.C. 2945.71(E). Having failed to produce any such evidence, the court of appeals correctly held that the state did not meet *its burden* of establishing that appellee was not entitled to the triple-count provision under the statute.

(Emphasis sic.)  *Id.* at 30-31.

{¶ 23} Upon review, we find that the circumstances in Springs's case are distinguishable.  Here, Springs never alleged when he made his oral motion to dismiss on speedy trial grounds that he had been incarcerated "solely on this pending charge." Springs would only have been entitled to the benefit of the triple-count provision in R.C. 2945.71(E) if he were, in fact, incarcerated solely on the pending charge of first-degree aggravated robbery.  "Mere incarceration, by itself, is not enough to trigger the triple-count provision of the statute." *State v. Gagaris*, 2d Dist. Clark No. 2000-CA-62, 2001 WL 227365, *2 (Mar. 9, 2001).

{¶ 24} In *Gagaris*, we stated:

We understand the reasoning of the Supreme Court in *Butcher*, *supra*, that, where a defendant has made an allegation that he has been incarcerated solely on the pending charge, the State should have the burden of coming forward with evidence on that subject.  This is but a special case of the general proposition that where the subject matter of a negative averment lies peculiarly within the knowledge of the other party,

the averment is taken as true unless disproved by that party. 42 Ohio Jur.3d 329, Evidence and Witnesses, § 100.

In our view, however, it would be unreasonable to impose that burden of proof on the State before the party moving for discharge has even alleged that he is incarcerated solely on the pending charge. The defendant's failure to have made that allegation, even after the State pointed out that the mere fact that he was incarcerated was not sufficient, the defendant having been incarcerated on other charges, is not necessarily inadvertent. It may well be that Gagaris's attorney did not represent to the trial court that his client was incarcerated solely on the pending charge because he knew, all too well, that that was not the case. If we were to hold that the State is required to come forward with evidence to rebut propositions of fact that a defendant has not even alleged, the opportunity for mischief would be great. A defendant could move, at bar, to have the charges against him dismissed, without alleging any facts at all. After his motion is denied, and he has been convicted and sentenced, he could then appeal, and argue, for example, that the State did not come forward with any evidence to rebut the factual proposition that he had previously been pardoned by the Governor for that offense, or that the State did not come forward with any evidence to rebut the proposition that he had previously been acquitted, or convicted and sentenced, with respect to that offense. The opportunities would be limitless. We conclude, therefore, that before

the State can be put to the burden of proving a fact, a defendant in moving for discharge must first allege the contrary fact. Here, the defendant never alleged that he was being held in jail solely on the pending charge. Accordingly, we conclude that the trial court properly denied his motion for discharge.

*Id.* at *2.

{¶ 25} We find our holding in *Gagaris* instructive here. At the motion hearing when Springs orally moved to dismiss for a violation of his right to speedy trial, he never argued that he was then incarcerated solely on the pending charge of aggravated robbery. The State, however, clearly specified at the motion hearing that it had filed a bill of information in Case No. 2021-CR-550 containing three third-degree felony counts of robbery, and the record establishes that defense counsel agreed with the State's recitation of events in that regard. Additionally, Springs did not deny the existence of the bill of information in Case No. 2021-CR-550 during the trial court's inquiries regarding the subsequent charges. Simply put, here, as in *Gagaris*, Springs never alleged that he was being held in jail solely on the pending charge. Thus, we conclude that the trial court did not err when if found that the triple-count provision did not apply from August 24, 2021, through September 24, 2021, because the State had filed a bill of information in Case No. 2021-CR-550 containing three counts of robbery. Therefore, Springs was only entitled to the triple-count provision from May 13, 2021, until August 2, 2021, and then from August 19, 2021, until August 24, 2021.

{¶ 26} In any event, having previously found that Springs's speedy trial time was

tolled essentially from August 3, 2021, until September 24, 2021, based upon Springs's motion for a continuance and his own dilatory behavior in refusing to testify before the grand jury, no speedy trial violation occurred in this case.

**{¶ 27}** Springs's sole assignment of error is overruled.

**{¶ 28}** The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
Christopher Bazeley
Hon. Douglas M. Rastatter