[Cite as *State v. Tucker*, 2019-Ohio-574.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-87 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-385 |
| | : | |
| JASON TUCKER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of February, 2019.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 545 Metro Place South, Suite 100, Dublin, Ohio 43017
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

**{¶ 1}** Jason Tucker appeals from his conviction and sentence on one count of cocaine possession, a third-degree felony.

**{¶ 2}** Tucker's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for review. Appellate counsel has identified potential assignments of error concerning (1) the trial court's denial of a continuance, (2) trial counsel's failure to file a suppression motion and failure to object to evidence of an arrest warrant for Tucker, and (3) the trial court's imposition of a three-year prison sentence to be served consecutively to another sentence. Appellate counsel concludes that these assignments of error lack arguable merit and that pursuing them would be frivolous.

**{¶ 3}** We notified Tucker of the *Anders* filing and invited him to file a pro se brief. Tucker responded with a brief asserting the following four assignments of error:

I. <u>First Assignment of Error</u>: Due process was denied under 5th, 6th, 8th, and 14th Amendments of the U.S. Constitution when Trial Court abused its discretion where it knowingly entered tainted/adulterated evidence into defendant's trial.

II. <u>Second Assignment of Error</u>: Trial Counsel was ineffective for not filing a motion to suppress, and for not objecting to the state's introduction of tainted/adulterated evidence into Defendant-Appellant's trial.

III. <u>Third Assignment of Error</u>: The trial court erred in imposing a three-year prison term for Appellant of a third-degree felony when in fact the conviction was based on tainted/adulterated evidence and the conviction

should have been applied to one of a lesser degree.

IV. <u>Fourth Assignment of Error</u>: Due process was denied under 5th, 6th, 8th, and 14th Amendments of the U.S. Constitution when Trial Court abused its discretion where it knowingly entered evidence that broke the chain of custody into Appellant's trial.

(Appellant's brief at 1.)

{¶ 4} The record reflects that Tucker was subjected to a traffic stop after a Springfield police officer ran a license plate check and discovered that the vehicle's owner had an arrest warrant. After confirming that the warrant was for Tucker, the officer arrested him. A search incident to arrest resulted in the discovery of marijuana and a digital scale in his possession. At jail, a deputy searched Tucker and found a baggie of marijuana. The deputy also found two baggies of what appeared to be crack cocaine in Tucker's crotch area. According to the deputy, Tucker stated that he forgot about the cocaine and acknowledged that it would be a felony for bringing it into the jail. Testing confirmed that the substance in the two baggies was crack cocaine with an aggregate weight of approximately 13 grams.

{¶ 5} Tucker was indicted on charges of cocaine trafficking (F2), cocaine possession (F3), and illegal conveyance of drugs into jail (F3). Prior to trial, the State dismissed the illegal conveyance charge. A jury then found Tucker guilty of cocaine possession but not guilty of cocaine trafficking. At sentencing, the trial court imposed a three-year prison term consecutive to a six-month sentence imposed in another case. This appeal followed.

{¶ 6} In his *Anders* brief, appointed appellate counsel first addresses the trial

court's denial of a continuance. On the morning of trial, defense counsel sought a continuance to obtain past employment records for Tucker, to subpoena two witnesses, and to review additional discovery with Tucker. The trial court discussed the matter with the parties at length and ultimately declined to continue the trial to another day. The trial court did, however, grant defense counsel 40 minutes to review certain discovery with Tucker, who had not seen it. (Trial Tr. at 6-22.)

{¶ 7} The denial of a continuance is a matter left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." (Citation omitted.) *State v. Fairman*, 2d Dist. Montgomery No. 24299, 2011-Ohio-6489, ¶ 18; *State v. Jones*, 2d Dist. Clark No. 2013 CA 118, 2014-Ohio-4605, ¶ 15.

{¶ 8} We agree with appointed appellate counsel that challenging the trial court's denial of a continuance would be frivolous. The purpose for obtaining the employment records was to show that Tucker was consistently employed and that he was too busy to be a cocaine trafficker. (Trial Tr. at 10.) Tucker wanted to subpoena a Madison County police officer (who had arrested him in another case) to support his argument that he used drugs but that he was not a drug trafficker. He wanted to subpoena a female passenger in his car to support his argument that he was not a drug trafficker and possibly to support an argument that he had forgotten about the cocaine in his possession and unintentionally brought it into the jail. (*Id.* at 14-17.) As Tucker's appellate counsel notes,

however, the State dismissed the illegal conveyance charge, and a jury acquitted Tucker of cocaine trafficking. Therefore, he cannot have been prejudiced by the trial court's ruling with regard to the employment records or the desired subpoenas.

**{¶ 9}** As for the discovery issue, defense counsel explained that he had not yet reviewed the bill of particulars, the State's witness list, and the cocaine lab results with Tucker. (*Id.* at 7.) The trial court delayed the start of trial by 40 minutes to allow defense counsel to confer with Tucker on these issues. (*Id.* at 21.) We see no non-frivolous argument about the trial court's handing of this issue.

**{¶ 10}** Appointed appellate counsel next raises a potential assignment of error alleging ineffective assistance of trial counsel for failing to file a suppression motion and for not objecting to the State's introduction of evidence about Tucker's arrest warrant. Appellate counsel again concludes that pursuing these issues would be frivolous, and we agree. Tucker wanted a suppression motion to be filed because he denied making any incriminating statements after receiving his *Miranda* rights. (*Id.* at 13.) The trial court correctly responded: "Well, with respect to the suppression motion, if the Defendant's position is that he did not make the statements, then there would be no basis for a suppression motion. That would just be a factual issue for the jury." (*Id.* at 13, 21.) As for the arrest warrant, the State introduced that information because it was the basis for Tucker's arrest. Defense counsel requested an appropriate limiting instruction on the issue, and the trial court gave one. (*Id.* at 133, 135-136.) We see no non-frivolous issue for appeal.

**{¶ 11}** In his final potential assignment of error, appointed appellate counsel addresses whether the trial court erred in imposing a three-year prison term consecutive

to a six-month term in Madison County. Defense counsel concludes that the sentence was within the statutory range and was authorized by law, that it was supported by the record, that the trial court made the necessary findings for consecutive sentencing, and that Tucker properly was advised about post-release control. We agree. The only conceivable issue is whether the trial court erred in imposing its sentence consecutive to the other sentence. The record reflects, however, that the trial court made the requisite findings. (Sentencing Tr. at 4-5.) In light of Tucker's criminal history, which includes several prior prison terms, we see no non-frivolous argument that the record clearly and convincingly fails to support those findings.

{¶ 12} We turn now to Tucker's pro se brief. In his first assignment of error, he complains about the introduction of "tainted/adulterated evidence" at trial. His argument is an amalgamation of legal concepts, but they all flow from his belief that forensic scientist Megan Snyder mishandled and improperly tested the cocaine at issue. He contends Snyder touched both bags of cocaine without changing gloves. He also claims she never cleaned the tools and utensils used during her testing. He additionally mentions an unspecified chain-of-custody issue.

{¶ 13} Upon review, we find no non-frivolous issue with regard to Tucker's claims about "tainted/adulterated evidence." His claims are founded on defense counsel's closing argument, which theorized that the cocaine *might* or *could* have been tainted or handled improperly because the prosecutor did not discuss the issue in much detail with Snyder, leaving room for reasonable doubt. Significantly, the record contains no affirmative evidence that Snyder actually did taint, mishandle, or improperly test the cocaine. On direct examination, Snyder testified about taking the two baggies of cocaine

police obtained from Tucker and placing the contents in two separate zip bags that were made exhibits at trial. (Trial Tr. at 120.) She then took a sample from each bag and analyzed it separately, even though the two bags appeared to contain the same substance. (*Id.* at 121-122.) Her testing confirmed the presence of cocaine in each of the two samples. (*Id.* at 122.) She testified that the combined weight of the contents of the two bags was approximately 13.07 grams. (*Id.*)

{¶ 14} On cross examination, defense counsel elicited from Snyder the fact that she lacked independent recollection and that she had refreshed her memory with her written lab report. (*Id.* at 125.) Snyder also acknowledged that her written report did not state whether she had tested the contents of each bag separately. (*Id.* at 128.) She also agreed that her report did not reflect the weight of the contents of each bag separately. (*Id.* at 129.)

{¶ 15} In his closing argument, defense counsel pointed out that Snyder had said nothing about how she transferred the contents of the baggies obtained from Tucker into her own bags. Counsel theorized that "cross-contamination" may have occurred. He also argued that Snyder "never testified as to how the custody was in that process" and "never said exactly how she did the testing." (*Id.* at 150-151.) Despite Snyder's testimony that she tested the contents of each bag separately, defense counsel asserted that she might have combined the contents the two bags, one of which contained cocaine and one of which did not, and then tested the combined substance. (*Id.* at 152.) Defense counsel also argued that Snyder should have testified about wearing and changing gloves and about being sure the lab was free of "contaminants." (*Id.* at 153-154.)

{¶ 16} Defense counsel did a proficient job trying to create reasonable doubt in the

jury's mind and to point out weaknesses in the State's case. Nothing in the record establishes, however, that Snyder necessarily did taint, mishandle, or improperly test the cocaine. In the end, these were issues for the jury to consider when deciding how much weight to give Snyder's testimony. Based on our review of the trial transcript, we see no non-frivolous argument as to whether Tucker's conviction was based on legally insufficient evidence or was against the manifest weight of the evidence.

{¶ 17} We also see no arguable basis for Tucker's claim involving a chain-of-custody issue (an issue we will address more fully below), his claim that the trial court failed to control the proceedings, or his claim that defense counsel provided ineffective assistance by failing to "completely investigate the circumstances of the evidence." Nor do we find arguable merit in Tucker's claim that he should have been convicted of a lesser-degree offense (another issue we will address more fully below), his claim that the trial court should have granted a continuance on the basis of "tainted" evidence, his claim that the trial court should have "suppressed" the "tainted" evidence, or his claim that it violated his due process rights. Accordingly, his first assignment of error is overruled.

{¶ 18} In his second assignment of error, Tucker contends his attorney provided ineffective assistance by not filing a motion to suppress and by not objecting to the "tainted/adulterated evidence" discussed above.

{¶ 19} Unlike the suppression issue addressed in our analysis of appointed appellate counsel's *Anders* brief, Tucker raises a different issue. He contends his trial counsel rendered ineffective assistance by not seeking to "suppress" the cocaine on the basis that it was tainted and improperly tested. He also argues that his attorney should have objected when the State introduced the "tainted" evidence. These arguments lack

arguable merit and are frivolous. Defense counsel's cross examination went to the weight of Snyder's testimony about the cocaine, but the record reveals no basis whatsoever for "suppressing" that evidence. Similarly, defense counsel acted competently by cross examining Snyder about her lab testing and by trying to create reasonable doubt in the jury's mind during closing arguments rather than "objecting" when the State presented Snyder's testimony. The second assignment of error is overruled.

{¶ 20} In his third assignment of error, Tucker contends he should have been convicted of a lesser-degree offense due to the State's presentation of "tainted/adulterated evidence" and an unspecified break in the chain of custody. He argues that, as a result of Snyder tainting the evidence, there is no way to know how much cocaine he possessed. Therefore, he asserts that he should have been convicted of the lowest degree of the offense of cocaine possession rather than a third-degree felony. In support, he cites *State v. Pelfrey*, 2d Dist. Montgomery No. 19955, 2005-Ohio-5006, which addressed an entirely different issue.

{¶ 21} In *Pelfrey*, this court applied R.C. 2945.75 and held that when the presence of an element makes an offense one of more serious degree, a guilty verdict must either state the degree of the offense of which the defendant is found guilty or must state that the additional element is present. Otherwise, a guilty verdict constitutes a finding of guilt of the least degree of the offense. The Ohio Supreme Court affirmed in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.

{¶ 22} Here the jury's verdict form specified that Tucker had possessed between ten and twenty grams of cocaine. This finding as to quantity made the offense a third-degree felony, and Tucker properly was convicted and sentenced for a third-degree felony

consistent with *Pelfrey*. Tucker's argument that Snyder's testimony failed to establish his possession of approximately 13.07 grams of cocaine because of tainting or errors in her testing goes to either the legal sufficiency or manifest weight of the evidence, which are issues that we touched upon above. His argument does not raise a true *Pelfrey* issue. Accordingly, we see no non-frivolous issue for appellate review. The third assignment of error is overruled.

{¶ 23} In his final assignment of error, Tucker contends the trial court erred when it "knowingly entered evidence that broke the chain of custody." We see no non-frivolous chain-of-custody issue. Police officer Eric Flemming testified that the drugs at issue were taken from Tucker and placed in a property envelope and sent to the Bureau of Criminal Investigation in London, Ohio. (Trial Tr. at 91, 94.) Snyder testified that incoming evidence is assigned a barcode number and placed in a vault. (*Id.* at 119.) She explained that the drugs she tested were in baggies inside an envelope with an identifying barcode. (*Id.* at 120.) She also testified about taking the drug evidence into her custody, bringing it to her lab, and testing it. (*Id.* at 121.) Any chain-of-custody complaint Tucker might have would go to the weight of the evidence, not its admissibility. *State v. Maranger*, 2018-Ohio-1425, 110 N.E.3d 895, ¶ 74 (2d Dist.) Therefore, an argument about the trial court admitting evidence with an inadequate chain of custody is wholly frivolous. Regardless, Tucker's real argument appears to be related to his "tainted evidence" claim, which we addressed above. The fourth assignment of error is overruled.

{¶ 24} Finally, in accordance with our responsibilities under *Anders*, we independently have reviewed the record and have found no non-frivolous issues for appellate review.

{¶ 25} The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Andrew P. Pickering
April F. Campbell
Jason Tucker
Hon. Douglas M. Rastatter